United States District Court
Southern District of Texas
FILED

MAY 17 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

(Jury Trial)

| | | |
|---|---|---|
| ROBERTO L. LOZANO | * | |
| | * | |
| VS. | * | CAUSE NO._____ B-00-068 |
| | * | |
| WAYNE BENEKE, Individually and | * | |
| As A Partner of Long, Chilton, Payte | * | |
| And Hardin, L.L.P.; and LONG, | * | |
| CHILTON PAYTE AND HARDIN, L.L.P. | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Roberto L. Lozano, Plaintiff herein, by and through his Attorney of Record, Heriberto 'Eddie' Medrano, complaining of Wayne Beneke, Individually, and as a Partner in the accounting firm of Long, Chilton, Payte and Hardin, L.L.P.; and also of the accounting firm known as Long, Chilton, Payte and Hardin, L.L.P., and for cause of action would state the following;

### I.

### Jurisdiction

1. This Court has jurisdiction of this case due to diversity of citizenship and amount of in controversy. 28 USC § 1332.

### II.

### Parties

2. Plaintiff is a natural person who at all relevant times was and remains a citizen of the Republic of Mexico.

1

3. Defendant Wayne Beneke (individually and as a Partner in the accounting firm of Long, Chilton, Payte and Hardin, L.L.P.) is a natural person who on information and belief is a resident of Cameron County, Texas, and a U.S. citizen, who may be served with process at his place of employment, Long, Chilton, Payte, and Hardin, L.L.P., located at 402 E. Tyler St., Harlingen, Cameron County, Texas 78550 or at any location where he may be found.

4. Defendant Long, Chilton, Payte and Hardin, L.L.P. is a business entity doing business in Cameron County, Texas who has not designated an agent for service and may be served with process by serving its managing partner, Wayne Beneke at the offices of Long, Chilton, Payte and Hardin, L.L.P., 402 East Tyler Street, Harlingen, Cameron County, Texas 78550, or by certified mail, return receipt requested, delivery restricted to addressee.

## III.

## Conditions Precedent

5. All conditions precedent as required have occurred or been performed prior to the filing of this suit.

## IV.

## Venue

6. Venue is proper in Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Cameron County, Texas. Further, venue is proper in Cameron County, Texas as Defendant Long, Chilton, Payte and Hardin, L.L.P., maintains a business location in Harlingen, Cameron County, Texas where Defendant Wayne Beneke

was employed and where the documents in question were prepared. Venue is also proper in this county pursuant to § 17.56, Texas Business and Commercial Code.

## V.

## Facts of the Case

7. This case arises from the incorrect and unauthorized reclassification by Defendants of three secured real estate lien notes (hereafter 'secured notes') belonging to Plaintiff individually, as contributions to capital for the benefit of Treasure Hills Investments, N.V., a bankrupt corporation. Defendants' unauthorized reclassification of Plaintiff's three 'secured notes' directly resulted in the notes, and land which secured the notes, being considered an asset of the bankrupt corporation, Treasure Hills Investments, N.V., and no longer the separate individual assets and property of Plaintiff.

8. As a result of Defendants actions, as further described herein, Plaintiff's rights to this property were undermined and set aside by U.S. Bankruptcy Judge Richard Schmidt. As a consequence of Defendant's actions, the parcels of land encompassed by the 'secured notes' were carried as unencumbered assets of the bankrupt corporation.

9. The Treasure Hills Investments corporate account was originally handled by Gene Sanford, another accountant with Defendant Long, Chilton, Payte and Hardin, L.L.P. Mr. Sanford properly classified certain unsecured loans made to the corporation by various shareholders (hereafter 'shareholder loans'). Mr. Sanford did not commingle or classify Plaintiffs three 'secured notes'

3

with those separate 'shareholder loans'. The accountant understood the important legal distinction between unsecured shareholder loans to a corporation and Plaintiffs personal secured real estate lien notes, and the importance of keeping them separate.

10. When Mr. Sanford retired from Defendant's firm, the Treasure Hills account was assigned to Defendant Wayne Beneke.

11. While Mr. Beneke was handling the account, the IRS audited the corporate books and informed Defendant Beneke and Long, Chilton, Payte and Hardin, L.L.P. that some, but not all, of the unsecured shareholder loans made to the corporation should be reclassified as capital contributions to the corporation. The IRS never requested that any of the Plaintiff's three separate personal 'secured notes' be classified as either loan to the corporation or capital contributions to the corporation.

12. Without reason, necessity or authority, Defendants Beneke and Long, Chilton, Payte and Hardin, L.L.P. reclassified ALL the 'shareholder loans', totaling approximately $6,000,000) and also Plaintiffs three 'secured notes' (totaling approximately $3,000,000) as capital contributions to the corporation.

13. When Defendant Beneke informed Plaintiff in 1997 of his mistaken, unauthorized and incorrect re-classification of Plaintiff's three 'secured notes', Plaintiff immediately informed Mr. Beneke that he should not have reclassified his three personal 'secured notes' as capital contributions. Beneke assured, promised, guaranteed and warranted to Plaintiff that he would correct the error, reverse the entries and assured Plaintiff he would suffer no adverse

4

consequences. Beneke's promises to Plaintiff that he would correct his mistaken and unauthorized acts regarding Plaintiff's three 'secured notes', amounted to a contract between Plaintiff and Defendant to do accounting services for Plaintiff and qualifies Plaintiff as a consumer for purposes of The Texas Deceptive Trade Practices Act.

14. Beneke then attempted to reverse and correct the erroneous reclassifications of the three 'secured notes'. Later Beneke privately met with the attorney for one of Treasure Hills Investments' creditors, Larry Walsh. Without authority, reason or legal justification, or even notice to Plaintiff, Beneke disclosed client confidences and identified to Mr. Walsh all the loans and notes which were reclassified, as capital contributions, including Plaintiff's three separate 'secured notes'.

15. Mr. Walsh subsequently deposed Mr. Beneke, then filed an injunction with the Bankruptcy Court to prevent the sale by Mr. Lozano of one of his three 'secured notes'. As justification, Mr. Walsh, claimed that all three secured real estate lien notes belonging to Mr. Lozano should be considered as capital contributions to Treasure Hills Investments, N.V. as reflected by Beneke's documents, which Beneke had wrongly and without authorization reclassified as such.

16. At the hearing before Bankruptcy Judge Richard Schmidt, Beneke admitted his errors in originally re-classifying Plaintiff's three 'secured notes' as capital contributions to Treasure Hills Investments. However, because of those erroneous reclassifications and entries made by Beneke and Long, Chilton,

5

Payte and Hardin, L.L.P., the Court ruled Plaintiff's three 'secured notes' were to be considered as capital contributions to Treasure Hills Investments, and invalidated the attempted sale of one of the 'secured notes' by Plaintiff.

## VI.
## Causes of Action

17. As a direct and proximate or producing cause of Defendants actions and omissions as described above and hereafter, Plaintiff suffered and will continue to suffer and sustain damages and each Defendant is liable to Plaintiff, jointly and severally, for Plaintiff's losses and damages which he now sues to recover. These damages exceed the minimal jurisdictional limits of this court.

18. Defendants are guilty of negligence, gross negligence, and accounting malpractice in that Defendants failed to act as competent and thorough accountants would in the same and similar circumstances. This negligence includes, but is not limited to:

    a.    acting without authority from the Plaintiff,

    b.    reclassifying loans which did not need to be reclassified,

    c.    providing Plaintiff with faulty and defective accounting advice,

    d.    improperly and without reason or authority reclassifying real estate lien notes which were never the subject of the Defendants accounting duties or responsibilities,

Case 1:00-cv-00068   Document 1   Filed in TXSD on 05/17/2000   Page 6 of 11

  e. making misleading representations, assurances, warranties and guarantees to Plaintiff that he (Beneke) could and would reverse his previous wrongful and unauthorized reclassification of Plaintiff's three real estate lien notes as capital contributions back to the original and proper status as secured real estate lien notes which was the secured property of Plaintiff, and that Plaintiff would suffer no harm or adverse consequences from Defendants' negligent actions,

  f. breaching client confidences, and assisting a creditor's counsel to take away property properly belonging to Plaintiff, thus violating their fiduciary duties; and,

  g. improperly defending and not adequately defending Plaintiff's interest before the Internal Revenue Service and the U.S. Bankruptcy Court all to Plaintiff's great damage.

These negligent acts and omissions outlined above are and were so egregious and out of the ordinary that they amount to gross negligence as that term is defined in law, and should subject defendants to penalty or exemplary damages to punish them for their wrongful behavior and to act as a deterrent to similar conduct by other accountants.

  19. Defendants' actions, as outlined above, constitute a breach of contract, breach of warranty, and a breach of their fiduciary duties owed to Plaintiff for which they should be held liable and for which Plaintiff now sues.

Plaintiff sues for all damages he may show himself entitled to for these breaches including attorney's fees and court costs.

20.     Defendants' actions constitute and resulted in a wrongful taking or conversion of Plaintiff's property all to Plaintiff's great and substantial damage which he now sues to collect.

21.     Defendants' actions constitute a breach and violation of the Texas Deceptive Trade Practices Act including but not limited to: (a) Defendants' representing that their services were of a particular standard, grade or quality (that of competent, thorough and careful accountants) when they were of a lesser quality; (b) that Defendants' services had characteristics or benefits which they did not have (that of competent, thorough and careful accountants); (c) in falsely representing to Plaintiff that they could reverse their unauthorized, improper and unjustified reclassification of Plaintiff's three secured real estate lien notes, without Plaintiff suffering any loss or adverse effects, which actions involved determinations outside Defendants' control and were ultimately prohibited by law; (d) in Defendants' representing, guaranteeing, promising, assuring and warranting to Plaintiff that by reversing their errors – Plaintiff's rights or remedies concerning his three secured real estate lien notes would not be affected; and (e) that Defendants breached client confidences to an adverse party without Plaintiff's authority, which Defendants also failed to disclose to Plaintiff as their fiduciary duty required, (f) that Defendants failed to disclose information to Plaintiff of their inability to correct their previous accounting errors and the same consequences to Plaintiff resulting therefrom, which Defendants knew at the

8

time, but withheld purposely to induce Plaintiff into not hiring other accountants or file legal suit, but instead rely on Defendants' false assurances that they were capable of correcting their errors, all in violation of sections 17.45(b)(7); 17.45(b)(5); 17.45(b)(12); 17.45(b)(19); and 17.45(b)(23) respectively, all to Plaintiff's great and substantial damage which he now sues to recover.

Under the provisions of the Texas DTPA, Plaintiff prays for all damages he may show himself entitled to by the statute, including reasonable and necessary attorney's fees, court costs and a multiplying of his actual damages as may be warranted. The actions of Defendants as outlined herein represent an unconscionable action or course of action which cannot be characterized as advice, judgment or opinion. Plaintiff further respectfully submits that Defendants actions were knowing and/or intentional as those terms are defined by law because the Defendant acted with flagrant disregard of prudent and fair business practices to the extent that the Defendant should be treated as having acted intentionally.

22. Defendant Long, Chilton, Payte and Hardin, L.L.P. is also liable to Plaintiff under the theory of respondeat superior.

23. It was necessary to hire the undersigned attorney to prosecute this case and Plaintiff has agreed to pay a reasonable and necessary fee for his services.

Wherefore, Plaintiff prays that Defendants be cited to appear and that upon final hearing he receive judgment from and against Defendants, jointly and severally, for all damages actual and exemplary or punitive or statutory as

9

provided by law, and that said judgment bear pre and post judgment interest at the highest rate allowed by law until the judgment is paid in full, and including attorney's fees and costs of court. Plaintiff prays for equitable and general relief.

Respectfully Submitted,

Law Offices of
Heriberto 'Eddie' Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone:   (956) 428-2412
Facsimile:   (956) 428-2495

_____
HERIBERTO MEDRANO
State Bar No. 13897800
Federal Bar No. 5952

10

## CERTIFICATE OF SERVICE

I, Heriberto 'Eddie' Medrano hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Original Complaint** was on this the 17th day of May, 2000 forwarded via certified mail to the following:

Richard J. Reynolds, III
THORNTON, SUMMERS, BIECHLIN,
  DUNHAM & BROWN, L.C.
Airport Center – Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186

Wayne Beneke
LONG, CHILTON, PAYTE & HARDIN, L.L.P.
402 E. Tyler St.
Harlingen, Texas 78550

_____
HERIBERTO 'EDDIE' MEDRANO