3212/28629 RJR/cc 7/12/0
answer



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 18 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERTO L. LOZANO § | |
| § | |
| V. § | |
| § | |
| WAYNE BENEKE, INDIVIDUALLY AND § | CIVIL ACTION NO. |
| AS A PARTNER OF LONG, CHILTON, § | B-00-068 |
| PAYTE AND HARDIN, L.L.P.; AND § | |
| LONG, CHILTON, PAYTE AND § | |
| HARDIN, L.L.P. § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now come **WAYNE BENEKE and LONG, CHILTON, PAYTE & HARDIN, L.L.P.**, Defendants in the above styled and numbered cause, and make and file this their Original Answer in response to Plaintiff's Original Complaint, and in support thereof would show unto the Court as follows:

1. These Defendants admit the jurisdictional allegations contained in paragraph 1 of Plaintiff's Original Complaint.

2. While Defendants believe the allegations contained in paragraph 2 of the Plaintiff's Original Complaint are true, Defendants do not have sufficient information to either admit or deny such allegations in this pleading.

3. These Defendants admit the allegations in paragraph 3 of the Plaintiff's Original Complaint.

4. These Defendants deny that **WAYNE BENEKE** is "managing partner" of **LONG, CHILTON, PAYTE & HARDIN, L.L.P.** As alleged otherwise, these Defendants admit the remaining allegations in paragraph 4 of the Plaintiff's Original Complaint.

5.  These Defendants have insufficient information to admit or deny the allegations as contained in paragraph 5 of the Plaintiff's Original Complaint.

6.  These Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Original Complaint.

7.  These Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Original Complaint.

8.  These Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Original Complaint.

9.  These Defendants admit that Treasure Hills Investments corporate account was originally handled by Gene Sanford. Defendants admit that various debt was classified by Mr. Sanford in the corporate records of Treasure Hills Investments as are reflected in the accounting records of such corporation. Defendants have insufficient information to either admit or deny the remaining allegations contained in paragraph 9 of the Plaintiff's Original Complaint.

10. These Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Original Complaint.

11. These Defendants admit that following an IRS audit of the corporate books and records of Treasure Hills Investments, the IRS communicated to the accountants that some shareholder debt needed to be reclassified as capital contributions. These Defendants further admit that the IRS never specified which loan or loans, secured or unsecured, were to be reclassified. The Defendants deny the remaining allegations contained in paragraph 11 of the Plaintiff's Original Complaint.

12. These Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Original Complaint.

13. These Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Original Complaint.

14. These Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Original Complaint.

15. These Defendants admit that Mr. Walsh deposed Mr. Beneke. These Defendants deny that any action or actions of Mr. Beneke were wrongful or unauthorized. These Defendants have insufficient information to admit or deny the remaining allegations contained in paragraph 15 of the Plaintiff's Original Complaint.

16. These Defendants admit that a hearing before the Bankruptcy Judge, Mr. Beneke testified about his actions. These Defendants deny Mr. Beneke admitted that there were errors. These Defendants have insufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Plaintiff's Original Complaint, and specifically have insufficient information to admit or deny the basis or bases of the Bankruptcy Court's ruling.

17. These Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Original Complaint.

18. These Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Original Complaint.

19. These Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Original Complaint.

20. These Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Original Complaint.

21. These Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Original Complaint.

22. These Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Original Complaint.

23. These Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Original Complaint.

24. These Defendants deny that Plaintiff is entitled to the relief requested in the prayer contained in the Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSES

### I.

Plaintiff's Complaint does not state a cause or causes of action upon which relief can be granted.

### II.

These Defendants specifically aver that there is and was no relationship existing between Plaintiff and these Defendants which would give rise to any duty recognized under law owing by these Defendants to Plaintiff, and that specifically there was no accountant-client relationship ever existent between the individual Plaintiff herein and any of these Defendants.

### III.

These Defendants plead the Affirmative Defense of Release.

### IV.

These Defendants specifically plead that the matters alleged herein are barred under the doctrine of res judicata or, alternatively, the doctrine of collateral estoppel based upon orders entered in the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division in Case Number 96-24360-B-11 including, but not limited to the Court's order dated December 1, 1999, confirming the Debtors Liquidating Plan of reorganization and approving certain modifications

modifications thereto which included the Debtors Liquidating Plan as modified. The Court's particular attention is drawn to paragraph #7E of the Debtors Liquidating Plan as modified.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon a final hearing hereof that Plaintiff recover nothing of and from these Defendants by way of their suit and that Defendants receive all costs of Court and such other and further relief, both at law and in equity, to which these Defendants may show themselves to be justly entitled.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
   DUNHAM & BROWN, L.C.
Airport Center - Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186
Telephone: (210) 342-5555
Facsimile: (210) 525-0666

BY _____
   Richard J. Reynolds, III
   State Bar No. 16803800
   Attorneys for Defendants
   **WAYNE BENEKE AND LONG,**
   **CHILTON, PAYTE & HARDIN, L.L.P.**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the Federal Rules of Civil Procedure, on the __14th__ day of __July__, 2000, to the following counsel of record:

   Mr. Heriberto "Eddie" Medrano
   HERIBERTO "EDDIE" MEDRANO LAW OFFICES
   1101 West Tyler
   Harlingen, Texas 78550

_____
   Richard J. Reynolds, III