9

0323/28629 RJR/sc 8/31/0
summary judgment proof

United States District Court
Southern District of Texas
FILED

SEP 5 2000

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERTO L. LOZANO | § | |
| | § | |
| V. | § | |
| | § | |
| WAYNE BENEKE, INDIVIDUALLY AND | § | CIVIL ACTION NO. |
| AS A PARTNER OF LONG, CHILTON, | § | B-00-068 |
| PAYTE AND HARDIN, L.L.P.; AND | § | |
| LONG, CHILTON, PAYTE AND | § | |
| HARDIN, L.L.P. | § | |

## DEFENDANTS' SUPPLEMENTAL FILING OF PROOF IN SUPPORT OF THEIR

## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now come **WAYNE BENEKE, Individually, and as Partner of LONG, CHILTON,**

**PAYTE & HARDIN, L.L.P.,** and **LONG, CHILTON, PAYTE & HARDIN, L.L.P.,** Defendants

in the above styled and numbered cause, and make and file this their Supplemental Filing of Proof

in Support of their Motion for Summary Judgment, and in support thereof would show unto the

Court as follows:

1.       On or about the August 23, 2000, Defendants  filed their Motion for Summary Judgment.

Various exhibits were attached to said motion as proof.  In particular, Defendant's Motion for

Summary Judgement Exhibit 1 was a copy of document entitled "Debtor's Liquidating Plan" and

Defendant's Motion for Summary Judgment Exhibit 2 was a copy of a document entitled "Order

Confirming Debtor's Liquidating Plan."

2.       As supplemental proof in support of its Motion for Summary Judgment, Defendants have

attached hereto certified copies of the above referenced documents as Exhibits A and B.

3.      As set forth in their Motion for Summary Judgment, Exhibits A and B, clearly establish that

Plaintiff's entire cause of action is barred by the doctrine of release, and /or res judicata, and /or

collateral estoppel.  Consequently, Defendants are entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon a final hearing

hereof the Court grant its Motion for Summary Judgment, Plaintiff recover nothing of and from these

Defendants by way of their suit and that Defendants receive all costs of Court and such other and

further relief, both at law and in equity, to which these Defendants may show themselves to be justly

entitled.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
    DUNHAM & BROWN, L.C.
Airport Center - Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186
Telephone: (210) 342-5555
Facsimile: (210) 525-0666


BY_____

Richard J. Reynolds, III
State Bar No. 16803800
Attorneys for Defendants
**WAYNE   BENEKE   AND   LONG,
CHILTON, PAYTE & HARDIN, L.L.P.**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the Federal Rules of Civil Procedure, on the __*31*__ day of __*Aug.*__, 2000, to the following counsel of record:

Mr. Heriberto "Eddie" Medrano
HERIBERTO "EDDIE" MEDRANO LAW OFFICES
1101 West Tyler
Harlingen, Texas 78550

Richard J. Reynolds, III

# DEFENDANTS' SUPPLEMENTAL PROOF IN SUPPORT OF THEIR MOTION FOR
# SUMMARY JUDGMENT
# EXHIBIT A

CVisPDF – www.fasiva.com

DEC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED

DEC - 6 1999

Candey Neal

Michael N. Milby, Clerk of Court

IN RE:                                       §                    CASE   NO. 96-24360-B-11
                                             §
TREASURE HILLS INVESTMENTS, N.V.             §
                                             §
                                             §
          Debtor                             §                    CHAPTER 11

### ORDER CONFIRMING DEBTOR'S
### LIQUIDATING PLAN OF REORGANIZATION AND APPROVING CERTAIN
### MODIFICATIONS THERETO

On December 1, 1999, this Court conducted a hearing to consider the confirmation of

the "Debtor's Liquidating Plan As Modified" ("Plan"), as filed in this case by TREASURE

HILLS INVESTMENTS, N.V. ("Debtor") on November 10, 1999 and as modified by agreement

of the parties, which represents a modification before substantial consummation of a Plan

confirmed on November 17, 1997. The Debtor appeared through its counsel, the Law Offices

of John Ventura, P.C..  It appears all interested parties received notice of the hearing as

required by the Code, the Federal Rules of  Bankruptcy Procedure and the Local Rules.

Pursuant to this Court's "Order Setting Hearing On Disclosure Statement And Setting Hearing

For Confirmation Of The Liquidating Plan For December 1, 1999 And Order Shortening Notice

Periods Under Rule 2002 And Setting Deadline For Objections To Disclosure Statement And

To Liquidating Plan And Reducing Time For Changing Previous Acceptances Or Rejections

Under 11 U.S.C. §1127(d), Rules 2002(a)(d), (f), (i) and 3019" entered on November 17,

1999, the hearing on the Debtor's Supplemental Disclosure Statement was set for December

1, 1999, and established that ballots either accepting or rejecting the Plan, or withdrawing

previous acceptances or rejections, were to be received by counsel for the Debtor no later

than November 29, 1999, and that objections to confirmation of the Plan were to be filed by

TRUE COPY I CERTIFY
ATTEST: 7-13-2000
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

November 24, 1999, and would be considered at the hearing on confirmation of the Plan on December 1, 1999. The following persons presented objections to the confirmation of the Plan ("Objecting Creditors").

1.  Carlos Cuellar; and

2.  Texas Taxing Authorities (Texas Comptroller of Public Accounts And Texas Workforce Commission

At the hearing, counsel for the Debtor and counsel for affected creditors and interested parties who appeared at the hearing advised the Court of certain additional amendments and modifications to the Plan, set forth herein, and represented that all of such amendments or modifications (the "Modifications") do not materially or adversely affect any Creditor or interested party and/or that the affected Creditor or Class or interested party has consented to the Modifications. As represented by the Objecting Creditors' statements in open Court, the Objecting Creditors have withdrawn their objections in consideration of the Modifications.

The Court has considered all pleadings on file in this case, particularly the Plan, Disclosure Statement and the Modifications, in addition to, the written and verbal comments and stipulations of counsel present, the Ballot Summary of the voting by Classes in the Plan filed by the Debtor in support of confirmation, and the entire court record in this case including adversary proceedings, and based on all of the above, the Court has determined that the Plan should be confirmed as meeting the requirements for confirmation under §1129(a) of Title 11, United States Code ("Code"). The Court therefore makes the following mixed findings of fact and conclusions of law in accordance with FED. R. BANKR. P. 7052 and 9014:[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Plan.

1.      The Disclosure Statement, as modified and amended and including the Modifications, contains adequate information, as defined by §1125(a) of the Code, as would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant classes in the Plan to make an informed judgment about the Plan.

2.      The Plan complies with the applicable provisions of Chapter 11 of Title 11, United States Code pursuant to 11 U.S.C. §1129(a)(1).

3.      The Debtor, as proponent of the Plan, has complied with the applicable provisions of Chapter 11 of Title 11, United States Code pursuant to 11 U.S.C. §1129(a)(2).

4.      The Plan has been proposed by the Debtor in good faith and not by any means forbidden by law pursuant to 11 U.S.C. §1129(a)(2).

5.      Any payment made or to be made by the Debtor, as proponent or otherwise, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by the Court incident to or pursuant to its confirmation of the Plan or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court as reasonable pursuant to 11 U.S.C. §1129(a)(4).

6.      The Debtor, as proponent of the Plan, has disclosed the identity and affiliation of every individual proposed to serve after confirmation of the Plan as a director, officer, disbursing agent or liquidating trustee of the Debtor pursuant to 11 U.S.C. §1129(a)(5)(A).

7.      The Debtor, as proponent of the Plan, has disclosed all insiders that the Debtor will continue to employ or retain after Plan confirmation, and the nature of any compensation for such insiders pursuant to 11 U.S.C. §1129(a)(5)(B).

8.      The requirements of §1129(a)(6) of the Bankruptcy Code are not applicable to the Debtor or the Plan and the Plan does not propose or provide for any change of rates.

9.     With respect to each impaired class of claims or interests under the Plan, each holder of a claim or interest in such class has accepted the Plan, or such holder will receive or retain under the Plan on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of Title 11, United States Code, on such date pursuant to 11 U.S.C. §1129(a)(7).

10.     With respect to each class of claims or interests under the Plan, such class has accepted the Plan, such class is impaired but has not voted and is, therefore, deemed to have accepted the Plan, or such class is not impaired under the Plan pursuant to 11 U.S.C. §1129(a)(8). Notwithstanding the requirements of §1129(a)(8) of the Code, the Court finds that the Debtor has requested non-consensual confirmation and pursuant to §1129(b) of the Code the Plan does not discriminate unfairly, and is fair and equitable with respect to any Class which has voted to reject the Plan or any Class which may receive nothing under the Plan and are deemed to have rejected the Plan.

11.     The Plan provides for the payment in full on the Effective Date of all Priority Claims, unless otherwise agreed by a Priority Claim claimant, and therefore complies with the requirements of §1129(a)(9) of the Bankruptcy Code.

12.     The Plan has been accepted in writing by at least one class of impaired creditors, determined without including any acceptance of the Plan by an insider of the Debtor and therefore the Plan complies with 11 U.S.C. §1129(a)(10).

13.     The Plan proposes the orderly liquidation of the Debtor's assets, and therefore, the Plan satisfies the requirements of §1129(a)(11) of the Bankruptcy Code.

14.    The Plan provides and the Debtor is authorized and directed to pay all fees due to the U. S. Trustee under §1930 of Title 28, United States Code, on or before the Effective Date of the Plan in compliance with 11 U.S.C. §1129(a)(12).

15.    The requirements of §1129(a)(13) of the Bankruptcy Code are not applicable in this case.

16.    The Court finds that the solicitation of acceptances or rejections of the Plan and /or Modifications of the Plan and the offer and sale of property of the Debtor's estate pursuant to the Plan were made in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including §1125(e).

17.    All amendments and modifications set forth in the Plan meet the requirements of §§ 1125 and 1127(a) of the Code, and, accordingly, the Plan, as modified and amended, becomes the Plan for this case.  The Plan's additional amendments and modifications to the Plan set forth in the Modifications and/or announced on the record of the hearing on the confirmation, are set forth in the Debtor's Liquidating Plan, As Modified, attached hereto as Exhibit "A".

18.    The Court finds that notice to creditors and parties-in-interest of the hearings on the confirmation of the Plan and thus on the Modifications was appropriate, adequate and sufficient under the Federal Rules of Bankruptcy Procedure and relevant local rules.

19.    The Modifications to the Plan constitute non-material modifications of the Plan that do not materially affect the rights of any holder of a claim against the Debtor or any holder of an interest in the Debtor  and, therefore, no further notice of or disclosure of the Modifications is necessary beyond that provided by the Debtor pursuant to the service of the Disclosure Statement and Plan upon all creditors and parties requesting notice.

20.    The provisions of the Plan bind the Debtor, all creditors, interest holders, and parties-in-interest, whether or not their claims, interests or rights are impaired under the Plan and whether or not any of the foregoing have accepted or rejected the Plan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.    The Debtor's Plan is CONFIRMED, and this Order shall constitute a final judgment, order and decree. The Debtor's modifications, including the Modifications, are APPROVED. A copy of the Plan inclusive of all the approved Modifications is attached hereto as **Exhibit "A"**.

2.    Except as otherwise expressly provided for in the Plan or as otherwise subject to pending motions or other pleadings of the Debtor otherwise dispositive of property, all property of the estate of the Debtor wherever situated, whether real or personal, tangible or intangible and whether held in fee, in trust, or by a nominee, or Insider of the Debtor including beneficial and equitable interests in such assets, shall vest in the Debtor, free and clear of all liens, claims and encumbrances of creditors and equity security interests of the Debtor on the Confirmation Date. Subsequent to the Confirmation Date, the Debtor shall be fully empowered to manage and dispose of its property pursuant to the Plan, without further notice or involvement of the Bankruptcy Court, subject to the terms of the Plan and this Order.

3.    Except for claims expressly created, assumed, or preserved under the Plan, the Plan shall discharge the Debtor from any and all claims that arose before the date of entry of this order, as of the Effective Date. As of the Effective Date, the holders of any discharged Claims shall be permanently barred and enjoined from any attempt to assess, demand or collect such discharged Claims.

4.     All persons or entities which are required to perform acts, render services, execute documents, make payments, release liens, or discharge responsibilities pursuant or incidental to the Plan are hereby ordered and directed to comply timely therewith.

5.     Pursuant to 11 U.S.C. 11142(b), the Debtor is hereby authorized and fully empowered to consummate the transactions called for by the Plan without further order of this Court.  Abelardo Limon is appointed as Liquidating Agent for the Debtor under the Plan and he is authorized and fully empowered, without the necessity of any board of directors or stockholder, partner or partnership approval, other notice of approval, or further order of this Court to enter into, execute and deliver all documents necessary, to implement the terms of the Plan including the authority to execute documents effecting the transfer of title to property of the Debtor, Treasure Hills Investments, N.V.

6.     Any judgment at any time obtained, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged hereunder, shall be, and hereby is, rendered null and void.

7.     All entities that have held, currently hold or may hold a Claim that is discharged or an interest that is canceled pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims or canceled interests:

     (a)    commencing or continuing in any manner any action or other proceeding against the Debtor, or its property;

     (b)    enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or its property;

(c)  creating, perfecting or enforcing any lien or encumbrance against the Debtor or its property; and

(d)  commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

Notwithstanding any of the other provisions of this Plan, confirmation of the Plan shall not preclude any Creditor from asserting a right of setoff, right of subrogation or right of recoupment with respect to any debt, liability, or obligation that may be asserted by the Debtor against such Creditor to the extent that such debt, liability, or obligation arose in favor of the Debtor, or its respective property prior to the commencement of the Debtor's Chapter 11 Case.  To the extent that any Creditor asserts any right of setoff, right of subrogation, or right of recoupment that is based upon an Allowed Claim, such Allowed Claim shall be deemed automatically reduced to the extent of any right of setoff, right of subrogation, or right of recoupment asserted with respect thereto.  If any Creditor asserting a right of setoff, right of subrogation, or right of recoupment has received any distribution with respect to an Allowed Claim that forms the basis for such setoff, subrogation, or recoupment, such Creditor shall return the portion of the distribution attributable to the portion of such Allowed Claim that would be reduced as a result of the setoff, subrogation, or recoupment prior to asserting any setoff, subrogation, or recoupment.

8.  Other than professionals retained by the Debtor,  and other than those persons identified in §2.2, Class 2, and 4.2 of the Plan who are hereby deemed to have approved and allowed Administrative Claims in the amounts stated for purposes of distribution under the Plan on the Confirmation Date, any party or creditor asserting an Administrative Claim including professional fees and expenses arising prior to the entry of this order under Section 503(a) and 503(b) of the Bankruptcy Code, shall file

and serve applications seeking allowance thereof no later than the thirtieth (30th) day following the Confirmation Date. Any creditor failing to timely file an application in accordance herewith, shall be forever barred from asserting a claim in this case and shall not receive any distribution under the Plan.

9.    In accordance with Section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security or the making or delivery of an instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

10.    This Court retains that jurisdiction provided by Article IX, §9.1 et. seq. as amended, of the Plan.

11.    All objections to confirmation that are not otherwise dealt with herein, are overruled.

12.    The Debtor shall provide sales tax returns for the third and fourth quarter, 1998 to the local office of the Comptroller within ten (10) days after Confirmation of the Plan. Subject to the Comptroller's verification of the returns, the Comptroller's Administrative Expense Claim shall be reduced to $22,000.00, subject to confirmation by the Comptroller.

13.    The Clerk of the Court is hereby ORDERED and DIRECTED to pay to the Texas Comptroller of Public Accounts, $19,000.00 from the funds held in the registry of the Court. Such $19,000.00 shall be issued in a check payable to Texas Comptroller of Public Accounts, and delivered to Flora Fearon, Office of the Attorney General, Bankruptcy & Collections Division, P. O. Box 12548, Austin, Texas 78711-2548. Such check shall be issued to the Texas Comptroller within ten (10) days of the date of this Order.

14.    The balance of the Texas Comptroller of Public Accounts Expense Claim shall be paid by January 10, 2000.  The balance of the administrative claim of $3,000.00 shall be disbursed by the appointed Liquidating Agent.  The remainder of the Texas Comptroller of Public Accounts Pre-Petition Sales Tax Claim of $7,805.60 shall be paid, in full, from the lots to be sold or auctioned within six (6) months from the Confirmation Date.

15.    The remainder of the Texas Workforce Commission's administrative expense claim of $2,053.44 shall be paid from the lots to be sold or auctioned within six (6) months from the Confirmation Date.

16.    The Clerk of the Court is ORDERED and DIRECTED to pay the amount of $11,387.90 to Treasure Hills Properties, Inc. from the funds in the registry of the Court. Said payment will be made by check payable to Treasure Hills Properties, Inc. and delivered to Treasure Hills Properties, Inc., c/o Andrew K. Rozell, Law Offices of Andrew K. Rozell, 323 E. Jackson, Harlingen, Texas 78550.  The Clerk is directed to make this payment within ten (10) days of the date of this Order.

17.    The Class 12 secured claim of Claudio Rangel shall be timely paid the $50,000.00 Note payment due December 1, 1999 from Tres Deseos, Inc. to Debtor, which payment shall be to credit against the Class 12 claim and shall be paid by Tres Deseos, Inc., check payable to Cardenas, Whitis and Stephen, L.L.P. Trust Account. The remaining Class 12 claim shall be paid in full by the Liquidating Agent from the Tres Deseos Note Sales proceeds which is due January 10, 2000.

18.    In return for Debtor's agreement not to demand payment under the Tres Deseos, Inc. Note until the Administrative Claim Bar Date as set forth in the Plan and Debtor's further agreement not to negotiate or sell the Note, Tres Deseos, Inc.

represents and promises by and through its counsel of record, Dale Weyand (who has represented to the Court that he has authority to make this agreement on behalf of Tres Deseos, Inc.) that Tres Deseos, Inc., and Scott Rowland, have not and will not lien or encumber or otherwise burden the real property purchased from Debtor save and except the existing bridge loan and any permanent financing which will fund the full payment of the Tres Deseos, Inc., Note in accordance with the Plan.

19.    This Court shall retain jurisdiction over these matters as set forth in Paragraph 10 of this Order, including but not limited to until the Tres Deseos, Inc. Note to Debtor is paid in full.

20.    The Clerk of the Court is ORDERED and DIRECTED to pay all remaining sums which have been received or which may be received in this cause from the registry of the Court to the Law Offices of John Ventura, P.C., for the benefit of Treasure Hills Investments, N.V., said funds to be mailed to 7 North Park Plaza, Brownsville, Texas 78521

SIGNED this ___1___ day of _____, 1999.

UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:**

FLORA FEARON
Assistant Attorney General
State Bar No. 06870400
P. O. Box 12548
Austin, Texas 78711-2548
(512) 463-2195
Attorneys for Texas Comptroller of Public Accounts
and Texas Workforce Commission

CARLOS CUELLAR, Pro Se

TREASURE HILLS INV NV

**Page 12:  ORDER CONFIRMING DEBTOR'S LIQUIDATING PLAN OF
REORGANIZATION AND APPROVING CERTAIN MODIFICATIONS THERETO**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 96-24360-B-11 |
| | § | |
| TREASURE HILLS INVESTMENTS, N.V., | § | |
| Debtor | § | Chapter 11 |
| | § | |

## DEBTOR'S LIQUIDATING PLAN, AS MODIFIED

TO THE HONORABLE JUDGE OF SAID COURT:

TREASURE HILLS INVESTMENTS, N.V., Debtor-In-Possession in this cause, and pursuant to 11 U.S.C. 1127 files this Debtor's Liquidating Plan, as modified, and would show unto the court the following:

I.

## DEFINITIONS

For the purpose of this Liquidating Plan of Reorganization, the following definitions shall apply:

1.1   Administrative Expense:  All costs and expenses of the Chapter 11 Case allowed under 11 U.S.C. Section 503(b)(2), (4), and (6), including all costs of making distributions and providing notices and ballots regarding the Plan.

1.2   Agent, or Liquidating Agent, or Disbursing Agent:  This term shall refer to an authorized person, or other entity to be selected by the Debtor and approved by the Court, to act as custodian and disbursing agent of the Sales Proceeds and of the funds to be paid to Creditors pursuant to the Plan.

1.3   Allowed Claim:  Any claim:

(a.)   Which is scheduled by the Debtor pursuant to Section 521 (1) other than a Claim scheduled as disputed, contingent, or unliquidated;

(b.)   For which a proof of Claim was filed with the Bankruptcy Court on or before the Bar Date:

Liquidating Plan of Reorganization
Treasure Hills Investments, N.V.

1

(c.)     In the case of Administrative Expenses subject to Bankruptcy Court approval, requests for payment which are approved by the Court after having been timely filed; or

(d.)     As to which no objection to the allowance thereof has been or may be interposed within the applicable period of limitation fixed by the Court, the Code or the Federal Rules of Bankruptcy Procedure (the "Rules), or as to which an objection has been determined by an order or judgment that is no longer subject to appeal.

1.4     <u>Allowed Secured Claim</u>: An Allowed claim which is secured by a perfected, non-preferential lien on property of the Debtor's estate, to the extent of the value of the interest of the holders of such allowed claim in such property of the Debtor, as determined by the Bankruptcy Court pursuant to 11 U.S.C. Section 506 (a).

1.5.     <u>Bankruptcy Code</u>:    The Bankruptcy Code of 1978 as contained in Title 11, U.S.C., §101 et seq. and the amendments thereto.  All references to any statute in this plan are references to the Bankruptcy Code as defined therein.

1.6     <u>Bar Date</u>: March 17, 1997 (or as may have been extended specifically by Order of the Court with respect to any specific Creditor or party in interest), which is the date set by the Court after which any claims which are filed will be void and disallowed for purposes of voting and distribution.  With respect to any claims which arose after the Petition Date, the bar date for filing an application under §503 of the Code shall be on or before the expiration of 30 days after the Confirmation Date and not thereafter.

1.7     <u>Cash Collateral</u>:   All revenues, costs, profits, and other monetary proceeds from any of the Debtor's assets the subject of a valid Secured Claim, and all cash collateral as defined under Section 363 of the Code, all of which are subject to the respective Secured Creditor's perfected first lien and security interest.

1.8     <u>Claim</u>: Any right to payment from the Debtor as of the Confirmation Date: (a) which is evidenced by a proof of claim properly filed in this Chapter 11 Case prior to the Bar Date and/or scheduled by the Debtor as a debt, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment,

ı

fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured; or (b) which is a claim for payment or of liability, whether direct or indirect, against Debtor, whether based upon theories of "alter ego" or piercing the corporate veil", .whether any such claim is based upon joint or several liability therefore, or whether such claim is based upon any guaranty, whether or not such claim has been listed in Debtors' Statements or Schedules,; and whether or not evidenced by a proof of claim properly filed in this Case prior to the Bar date.

1.9     Collateral Security: All of Debtor's property and assets, including all property brought into the estate under Section 541 of the Code, which includes the Debtor's assets, together with all contracts, rentals, leases, intangibles and all money and other proceeds of each of the foregoing (including all Cash Collateral) and all other real and personal property wherever located, and which was the subject of a valid, perfected lien or other security interest on the Petition Date.

1.10    Closing Date:"Closing Date" shall mean the date established for the payment of the balance due under the Tres Deseos, Inc. Promissory Note dated November 23, 1999 in the total amount of $1,300,000.00 made payable to the Debtor, which payment date is extended by agreement until Monday, January 10, 2000.

1.11    Confirmation Date:     The date of entry upon the docket for this case by the Bankruptcy Court of an Order of Confirmation of this liquidating plan in accordance with 11 U.S.C. §1129.

1.12    Confirmation Order: The Order of the court confirming this Liquidating Plan, together with any supplemental or amended Order with respect thereto.

1.13    Court:   The United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, acting in this case. .

1.14    Contested/Disputed Claim: Any claim as to which the Debtor or any other party in interest has interposed or may interpose an objection in accordance with the Code and the rules, which objection has not been determined by an order or judgment that is no longer subject to appeal.

1.15    Creditor:  Any entity that has a claim against the Debtor that arose at the time of or before the filing of the petition in this case as defined in §101(4) of the Bankruptcy Code, or has a claim allowable under §503(b) and 507(a)(1) of the Code.

1.16.  Debtor:  TREASURE HILLS INVESTMENTS, N.V.
Case No. 96-24360-B-11

1.17  Disclosure Statement:  The Disclosure Statement approved by order of the court with respect to this plan, together with any amendments, supplements or Exhibits thereto, including the Supplement to the Disclosure Statement which is being filed contemporaneously hereto.

1.18  Effective Date:  Effective date shall mean the Confirmation date.

1.19  Equity Holder:  Any interest of any person or entity who or which has or claims to have an ownership interest of any kind, including any interest represented by a partnership interest, stock, or any other type of ownership interest of any kind or nature whatsoever in any of the Debtors.

1.20  Final Order:  An Order that becomes final ten (10) days after it is entered if no notice of appeal is filed during that period pursuant to Bankruptcy Rule 8002.

1.21  Interest Holder:  Any equity security holder and each owner and holder of common stock of the Debtor, including existing shareholders.

1.22  Petition Date:  October 21, 1996, the date when this Chapter 11 case was filed by the Debtor with the filing of a voluntary petition under Chapter 11 of the Code.

1.23  Plan:  This Liquidating Plan of even date herewith.  It represents a complete modification of the first plan confirmed on November 1997.

1.24  Plan Documents:  This Liquidating Plan, the Disclosure Statement for this Plan, together with its Exhibits and any amendments or supplements thereto, as approved by the Bankruptcy Court.

1.25  Plan Proponent:  Treasure Hills Investments, N.V.

1.26  Priority Claim: Any claim having priority under 11 U.S.C. Section 507, except for the Administrative Claims.

1.27  Professional or Professional Person:  Any person, firm or other entity employed by the Debtor or by the Committee pursuant to Order of the Court, under 11 U.S.C. Section 327.

1.28   <u>Sales Proceeds</u>: The sum of $2,601,000.00 (TWO MILLION SIX HUNDRED ONE THOUSAND DOLLARS), principal, to be paid by Tres Deseos, Inc. to the Debtor as the purchase price for the Debtor's assets previously ordered sold by the Court, a portion of said sum to be paid pursuant to the Disbursement Agreement and a portion of said sum to be set aside in the registry of the Court and dedicated for payment of all allowed Claims in this case pursuant to the provisions of this Plan as delivered to the Liquidating Agent.

1.29   <u>Secured Claim</u>:        The Claim of any creditor of the Debtor to the extent that such claim is secured by a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.  A claim is secured only to the extent of the value of the Debtor's property which the Court finds is the valid  security for such claim as evidenced by a  perfected security interest enforceable against property of the estate of the Debtor.

1.30   <u>Secured Creditor</u>:        Those creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor at or prior to confirmation of the plan.

1.31   <u>Substantial Consummation</u>: Substantial consummation of the plan, as that is used in the Bankruptcy Code, shall be effected only upon the full and final payment of all payments under the Note from Tres Deseos Inc. to the Debtor.

1.32   <u>Unsecured Claim</u>:        Any claim or portion of a claim against the Debtor not secured by a perfected security interest in property of the Debtor's estate.

A Term used in this Plan, not otherwise defined herein or in the Disclosure Statement but used in the Code, shall have the definition assigned to such term in the Code.

II.

## Classification of Claims

2.1      Unless otherwise expressly stated in the Plan, distributions to holders of Allowed Claims and interests are in full satisfaction of those Allowed Claims and Interests,.  All claims against  the Debtor arising before Confirmation of the Plan shall be deemed satisfied by the obligations provided for in the Plan, pursuant to U.S.C. Section 1141 (d), and no holder of any Claim shall have any further or future rights with respect thereto.  For the purposes of distribution under this Plan, Claims are divided into the following classes:

## 2.2    Classification of Classes under the Plan

Class 1 - Trustee Fees as per 11 U.S.C. Section 503.

Class 2 - Administrative Claims:  All allowed administrative Claims, as that term is defined herein, including fees for services rendered and expenses incurred by Court-- appointed counsel for the Debtor, Committee Attorneys, or other Professionals employed by the Committee or the Debtor, and any expenses provided for under 28 U.S.C. Section 1930.  There are six (6) claims in this class: the Law Office of John Ventura, P.C., attorneys for Debtor;  the Law Office of Brendan Hall, special counsel for Debtor; the §503 claim of Treasure Hills Properties, Inc., a claim previously allowed by this Court; John Harris, attorney for the Class B; Lawrence Walsh, (allowed as a partial administrative claim by agreement); and Jack Brown, a claim for post-petition services (survey).

Class 3 - All allowed administrative claims which are claims for post-petition wages.  There are two claims in this class:  Carlos Cuellar and Joe Shirley.  Both claims are disputed.

Class 4 - The Allowed Claim of each priority creditor, person or entity, whether or not the holder of a secured claim that is secured by a tax lien and/or security interest in the Sale Proceeds which arises from a priority claim as allowed by 11 U.S.C. Section 507(a)(7) of the Code.  There is one claim in this class: the Internal Revenue Service.

Class 5 (a) - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a statutory tax lien and/or security interest in the Sales Proceeds and which arises under state law.  There are two claims in this class: the State of Texas Comptroller and the Texas Workforce Commission.

Class 5(b) - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a statutory tax lien and/or security interest in the Sales Proceeds and which arises under state law.  There are three claims in this class: the local taxing authorities liens against the real property sold to Tres Deseos, Inc in the amount of $59,616.58; the local taxing authorities liens against the 6 lots set forth under the Class 17 claims; and the local municipal liens against the 6 lots set forth under the Class 17 claims.

Class 6 -   The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the Sales Proceeds.  There is one claim in this class: Roberto Lozano.

Class 7 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the real property of the Debtor  as that property is known as four lots, including any claim with respect to or arising out of any and all mortgages, leases, and liens.  There is one claim in this class: International Bank of Commerce.

Class 8 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal property of the Debtor as that property is known as a 1991 Mitsubishi Expo and as more fully described on the attached Exhibit A describing the Sale Assets, including any claim with respect to or arising out of any and all mortgages, leases, and liens. There is one claim in this class: Chrysler Credit.

Class 9 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal property of the Debtor as that property is known as sixty golf carts, including any claim with respect to or arising out of any and all mortgages, leases, and liens. There is one claim in this class: First Valley Bank.

Class 10- The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal property of the Debtor as that property is known as a fairway mower, including any claim with respect to or arising out of any and all mortgages, leases, and liens. There is one claim in this class: John Deere Credit.

Class 11 - The Allowed Claim of each creditor, person or entity, which is a party to that certain litigation entitled Vicki Tolifson v. Treasure Hills, N.V. et. al, in the 138th District Court of Cameron County, Texas.

Class 12 - The allowed claim of each secured creditor, person, or entity which is the holder of a secured claim by an alleged lien and/or security interest in the real property of the Debtor, as that property is known as Lots 1 through 14, inclusive, Block 7; Lots 15 thru 44 inclusive, Block 8; Lots 15 through 30, inclusive, Block 9, Treasure Hills Country Club Subdivision, Cameron County, Texas. There is one claim in this class: Claudio Rangel.

Class 13 - The Allowed Claim against the Debtor whether pre-petition or post-petition, whether secured or unsecured, whether liquidated or unliquidated, by or on behalf of Lawrence Walsh, Trustee, or on behalf of any other party, including but not necessarily limited to American Express International or any other party which is a plaintiff in that certain litigation entitled Lawrence A. Walsh, Trustee vs. Treasure Hills Investments, N.V. et al pending in the United States District Court for the Southern District of Texas Brownsville Division, Civil Action No. B-96-83.

Class 14- The Allowed Claim of each creditor, person or entity, which is the holder of a deficiency claim that was previously secured by a lien and/or security interest in the real property of the Debtor as that property is known as the golf course, the pro shop, and the club house and as is more fully described on the attached Exhibit A describing the Sale Assets, including any claim with respect to or arising out of any and all mortgages, leases, and liens. There is one claim in this Class: Banamex

Class 15 - The allowed unsecured claim for services provided post-petition in connection with the prosecution of the subordination claim against Roberto Lozano: There is one claim in this class: that of Long, Chilton, Payte, and Hardin.

Class 16 - The allowed unsecured claim of each creditor, person, or entity in an amount higher than $100,000.00. There is one claim in this class: Fernando de la Garza. The claim is disputed.

Class 17 - As heretofore provided, all other claims against the Debtor, however arising, not otherwise included in any other class described herein, including the undersecured portion of any allowed secured claim that is allowed by this Plan, allowed unsecured claims, claims based upon the rejection or modification of executory contracts or unexpired leases insofar as the same are allowed under the terms and provisions of this Plan, and any other Claim of any other creditor not otherwise defined or provided specifically by the other Classes of Claims, and/or by the other provisions of this Plan. This class includes any claim of any purchaser of lots which were sold by the Debtor pre-petition but which were never transferred to the purchaser. These lots are described as follows:

1. Lot 20, Block 4, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Rolando Derbez, Oaxaca 3365, Colonia Jardin, Nuevo Laredo, Mexico 88260;

2. Lot 15, Block 1, Treasure Hills Country Club Blocks 1, 2, 6 and 7, Sec. 1, Subdivision, Cameron County, Texas, conveyed to Guillermo Siller, whose address is unknown.

3. Lot 6, Block 2, Blocks 1, 2, 6 and 7, Sec. 1, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Gerardo Almaguer, whose address is unknown.

4. Lot 1, Block 2, Blocks 1, 2, 6 & 7, Sec. 1, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Jaime Woldenberg, Ave. whose address is Los Angeles, 1700 OTE Col. Garza Cantu, San Nicolas, N.L.Mexico 66480.

5. Lot 6, Block 7, Blocks 7, 8 & 9, (Partial) Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Roberto Lozano and Hector Zamacona, principals of the Debtor, whose address is the same as the Debtor's.

6. Lot 14, Block 4, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Andres Cantizani, Florenciak, whose address is 117 Col San Patricio, San Pedro Garza Garcia, N.L. Mexico 66270.

Class 18 - Any claim of any equity holder as an owner of the Debtor. There are nine (9) claims in this class. The equity shareholders of the Debtor are:

FRANCISCO DE ANDA
JOSE MAIZ
FERNANDO DE LA GARZA
FELIX CANTU
FERNANDO MEDRANO
MARTIN JUAREZ
ROBERTO LOZANO

HECTOR ZAMACONA
CARLOS GARCIA
DRA. GUADALUPE TIJERINA
JOSE GUAJARDO
RGC GROUP
ALBERTO DIAZ RIVERA

## III.  Treatment Of Non-Impaired Classes

The following is the treatment of the Non-Impaired Classes:

3.1     These claims consist of all claims in Class 1.  These claims shall be paid in cash on Confirmation, or as soon thereafter as each becomes an Allowed claim and upon application to the Court to release the funds in the registry of the Court for payment.  The following classes of claims shall be unimpaired.  Class 1.

## IV.  Cramdown and Treatment of Impaired Classes

4.1     Cramdown: The Plan Proponent reserves the right, pursuant to Section 1129 (b) of the Code, to request, and Plan Proponent hereby requests, that the Court confirm the Plan if all of the applicable requirements of Section 1129 are met.   Classes 2 through 16 are impaired.

4.2(a)     The holders of allowed Class 2 claims shall be paid out of the cash portion of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.  These claims and their amounts are as follows:

|   |   |
|---|---|
| A. Law Office of John Ventura | $85,000.00 |
| B. Brendan Hall | 65,000.00 |
| C. Treasure Hills Properties, Inc. | 11,200.00 |
| D. John Harris | 50,000.00 |
| E. Lawrence Walsh | 200,000.00 |

4.2(b)   The holder of allowed Class 2 Claims shall be paid out of the Note portion of Sale Proceeds held by the Court.  This Claim and its amount is as follows: Jack Brown in the amount of $3,500.00.

4.3   The disputed claims  in Class 3 of Carlos Cuellar was filed for $80,000.00.  It shall be paid the amount of $60,000.00 and allowed as an administrative claim upon confirmation and shall be paid only from available proceeds as explained in Section 4.17 herein, from the sale of the lots described in Section 5.1 herein.

The claim of Joe Shirley was not filed with the Court. It was delivered to Debtor's counsel via a letter requesting payment on October 5, 1999. The Debtor will dispute this claim as being a late filed claim and as being a claim for wages pre-petition instead of post-petition. It shall be paid as a claim in Class 4.17, if allowed.

**Any other holder of any claim not listed in this plan is forever barred from asserting an administrative claim in this case and against the sales proceeds in this case and shall not receive any distribution under this Plan unless an application for payment of administrative claim is filed in accordance with the requirements of Section 503 of the Bankruptcy Code on or before the expiration of thirty (30) days from the Confirmation Date and is held to be an allowed administrative claim.**

4.4     The holders of allowed Class 4 claims shall be paid out of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc. There is one claim in this class: the Internal Revenue Service in the approximate amount of $311,000.00.

4.5(a)   The holders of allowed Class 5(a) claims shall be paid a portion out of the cash Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc. with the balance paid from the liquidation of the lots as described in Section V. herein. There are two claims in this class: the secured claim of the State of Texas Comptroller in the approximate amount of $73,067.83 ($33,023.69 Pre Petition and $40,044.14 Post Petition); and the secured claim of the Texas Workforce Commission in the amount of $11,553.44. The State of Texas Comptroller shall be paid $25,218.09 of its Pre-Petition claim out of the Sales Proceeds upon the closing of the sale of the Debtor's assets with the balance to be paid from the cash portion of the first available proceeds from the sale of the lots described in Section 5.1 herein. The Texas Workforce Commission shall be paid $9,500.00 out of the cash portion of the Sales Proceeds upon the closing of the sale of the Debtor's assets with the balance of the claim totaling $2,053.44 to be paid from the first available proceeds from the sale of the lots described in Section 5.1 herein.

The claims of the State of Texas Comptroller and the Texas Workforce Commission for post-confirmation sales and employment taxes will be treated as Administrative Expense Claims pursuant to 11 U.S.C. 503(b) and will be paid in full and will be paid pursuant to the Order Confirming Plan.

The State of Texas Comptroller's tax lien securing its pre-petition sales tax claim will be retained against the four lots described in Section 5.1 herein.

If after appointment, the court-appointed Liquidating Agent has failed to close sale on the lots described in Section 5.1 herein pursuant to the Plan within six months of the date of confirmation of the Plan, the Liquidating Agent shall conduct an auction of the four lots and shall distribute the proceeds pursuant to this Plan.

4.5(b)   The holders of allowed Class 5(b) claims shall be paid a portion out of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc. and the municipal liens and ad valorem taxes due and owing on the lots described in

Section 5.1 shall be paid at closing or transfer of the sale of transfer of those lots.

4.6      The holders of allowed Class 6 claims, including any post-petition portions thereof, shall be paid out of the Sale Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.  There is one claim in this class: the secured claim of Roberto Lozano in the amount of $3,907,520.00.  The claim shall be paid Four Hundred Sixty-Five Thousand and No/100 Dollars ($465,000.00).  By agreement previously approved by the Court, Roberto Lozano has assigned $65,000.00 to Demetrio Duarte and $400,000.00 to Banco Nacional de Mexico; said amounts to be paid at the closing of the sale of assets to Tres Deseos, Inc.

4.7      The holders of allowed Class 7 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets.  There is one claim in this class: the International Bank of Commerce.  The Debtor has surrendered its interest in the collateral in full and final satisfaction of the debt.  IBC shall have no other claims in this case.

4.8      The holders of allowed Class 8 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets. There is one claim in this class: The secured claim of Chrysler Credit in the amount of $4,513.48 secured by a 1991 Mitsubishi Expo. The Debtor has surrendered its interest in the vehicle and Chrysler Credit shall have no other claim in this case.

4.9      The holders of allowed Class 9 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets. There is one claim in this class: The secured claim of First Valley Bank in the amount of $99,285.14 secured by 60 golf carts. The Debtor has surrendered its interest in the golf carts and First Valley Bank shall have no other claim in this case.

4.10      The holders of allowed Class 10 claims, including any post petition portions thereof, shall not be paid out of the proceeds of the Sale Assets.  There is one claim in this class: The secured claim of John Deere Credit in the amount of $16,499.54 secured by a fairway mower.  The Debtor has surrendered its interest in the fairway mower and John Deere shall have no other claim in this case.

4.11      The holders of allowed Class 11 claims, including any post-petition portions thereof, shall not be paid in this case. There is one claim in this class: Vicki Tolifson. Previously, the Debtor had entered into a settlement agreement with the claimant pre-petition on December 8, 1995. The settlement agreement gave the claimant six lots in lieu of the claim; however, these lots were encumbered by federal tax liens and other first and second lien encumbrances as more specifically described in the Debtor's Disclosure Statement and as described on the agreement.  Additionally, the first lienholder, International Bank, has foreclosed on the lots pursuant to an Agreed Order Modifying Stay entered by this Court.. Tolifson shall receive the remaining two lots described in the settlement agreement and shall receive no other claim in this case.  These lots are as follows: Blocks 1, 2, 6 & 7, Sec. 1, Lot 2, Block 7, Treasure Hills County Club, Cameron County, Texas and Blocks 1, 2, 6 & 7, Sec. 1, Lot 1, Block 7,  Treasure Hills County Club, Cameron County, Texas.

4.12    The holders of allowed Class 12 claims, shall be paid out of the Sale Proceeds held by the Liquidating Agent. There is one claim in this class: the secured claim of Claudio Rangel in the amount of $305,000.00. The claim shall be paid One Hundred Fifty Thousand and No/100 Dollars cash ($150,000.00) upon the payment in full of the Tres Deseos Note into the registry of the Court. Rangel shall additionally execute a mutual release in the form to be agreed upon by the parties and executed upon receipt of full payment as set forth in the Plan.

4.13    The holder of allowed Class 13 claim shall be paid out of the Note portion of the Sales Proceeds to be held by the Liquidating Agent. There is one claim in this class: the claim of Lawrence Walsh, Trustee, in the approximate principal amount of $1.5 Million. The claim shall be paid on the Closing Date by the Liquidating Agent in the sum of Seven Hundred Twenty Thousand Dollars ($720,000.00) Dollars cash upon the payment in full of the Tres Deseos Note. Walsh shall also receive two lots of those described in Section 5.1 on the Closing Date by the Liquidating Agent in satisfaction of the claim and shall receive no other claim in this case. The two lots to be conveyed to Walsh by the Liquidating Agent are more fully described as Lots 14 and 20, Block 4, Treasure Hills Country Club Subdivision, Cameron County, Texas. These lots shall be deemed conveyed to Walsh free and clear of all liens and encumbrances pursuant to entry of the Confirmation Order of the Bankruptcy Court. Walsh shall additionally execute a mutual release in the form to be agreed upon by the parties and executed upon receipt of full payment as set forth in the Plan.

4.14    The holders of allowed Class 14 claims shall be paid out of the Sales Proceeds held by the Court. There is one claim in this Class: the unsecured deficiency claim of Banamex in the approximate amount of $2.5 Million. This claim shall be paid the sum of Three Hundred Fifty Thousand and No/100 Dollars ($350,000.00) cash upon the payment in full of the Tres Deseos Note into the registry of the Court. Banamex, the Debtor, and the principals of the Debtor (Roberto Lozano and Hector de Zamacona), upon Banamex' receipt of full payment as set forth hereunder and upon receipt of payment under Section 4.6 herein, shall immediately execute mutual releases of any and all claims by and between them. As a condition of Banamex' approval of this Plan, all signatories to the Settlement Agreement, attached hereto, have agreed to execute mutual releases, which shall be executed, based on mutually agreeable language, following entry of Confirmation Order.

4.15    The holders of allowed Class 15 claims shall be paid pro rata from the proceeds held by the Liquidating Agent. There is one claim in this class: that of Long, Chilton, Payte, and Hardin in the amount of $12,500.00. Long, Chilton, Payte, and Hardin shall have no other claim in this case or under this plan.

4.16    The holders of allowed Class 16 claims shall be paid pro rata from the proceeds held by the Liquidating Agent. There is one claim in this Class: the disputed claim of Fernando De La Garza in the amount of $205,000.00. This claim shall be paid the sum of Eighty Thousand and

No/100 Dollars ($80,000.00) cash upon the payment in full of the Tres Deseos Note into the registry of the Court. De La Garza shall have no other claim in this case or under this plan. De La Garza shall additionally execute a mutual release to be agreed upon by the parties and executed upon receipt of full payment as set forth in the Plan.

4.17   The holders of allowed Class 17 claims shall be paid pro rata from the sale proceeds to be generated by the sale of the lots remaining in addition to any other remaining lots which Debtor is holding title to after distribution of two lots to Walsh as per Section 4.13 herein. They shall share pro-rata from the sales proceeds only after payment in full  first to payment of the tax claims of Section 4.5(a), second to payment of costs, expenses, and fees of the Liquidating Agent as per Section 5.1 herein and third to payment to Carlos Cuellar as per Section 4.3 herein.
. The claims are as follows:

| | |
|---|---|
| Chem-Mark of Texas | 621.63 |
| David Geoffrey & Associates | 1,873.00 |
| Dick Office Supply | 215.74 |
| Duckster | 4,104.43 |
| Felco | 530.19 |
| Foot-Joy/Titleist | 8,204.05 |
| Imperial Headwear | 898.10 |
| IZOD | 1,864.68 |
| La Mode | 1,285.15 |
| Morado's Pest Control | 872.05 |
| Portoco | 793.88 |
| Scoggins, McElvey | 3,800.00 |
| South Point Car Care | 300.00 |
| Unifirst Linen | 1,129.62 |
| Unifirst Uniforms | 700.00 |
| Watson Distributing | 2,750.00 |
| Royston, Rayzor | 15,765.04 |
| Slazenger Golf | 1,873.00 |
| B. D. Holt | 17,762.50 |
| Jaime Saldivar | 8,625.11 |
| Rolando Derbez | Amt. Unknown |
| Guillermo Siller | Amt. Unknown |
| Jaime Woldenberg | Amt. Unknown |
| Romulo Elizondo | Amt. Unknown |
| Roberto Lozano | Amt. Unknown |
| Hector de Zamacona | Amt. Unknown |
| Andres Cantizani | Amt. Unknown |

4.18   The holders of allowed Class 16 claims shall be divested of their stock in the Debtor.

4.19   In the event that any class and/or the Debtor vote against the plan, but that the court nonetheless approves the plan under Section 1129 (b) of the Code, the treatment afforded each Creditor in each class will be the same as provided herein.

## V.  Means for Execution of the Plan

5.1   Sale of Assets.  The Bankruptcy Court has previously ordered the sale of the Debtor's assets to Tres Deseos, Inc. for cash and under a Promissory Note.  Certain creditors will be paid at the closing of such transfer.  These creditors are reflected on the Order authorizing such sale. Approximately six (6) developed lots were not part of that sale.  Two of the six lots, as chosen by the Class 13 Creditor, shall be assigned to the Class 13 Creditor free and clear of all liens pursuant to the Plan and the Confirmation Order on the Confirmation Date.  The Confirmation Order shall authorize and direct the Liquidating Agent to sell the remaining four lots and any other property to which Debtor holds title free and clear of liens or as otherwise directed by the Confirmation Order. The Confirmation Order shall also authorize the Liquidating Agent to act as custodian and disbursing agent of the Sales Proceeds received from both the  Tres Deseos, Inc, Note proceeds on the closing date, in addition to the proceeds of the lots or property, whether at any closing or whether in the registry of the Court.  The Liquidating Agent shall also  be authorized to distribute the proceeds as herein stated and as may be further described in the Agreement Incident to Distribution of Sales Proceeds.  Additionally, the Liquidating Agent shall have the right to apply to this court for approval of fees and expenses from the sales proceeds.

## VI.  Agreement Incident to Distribution of Sales Proceeds

6.1   The Agreement Incident to Distribution of Sales Proceeds is attached hereto as Exhibit A and is hereby made a part of this plan and are incorporated herein for all purposes.  If any provision of this Plan is in conflict with the terms of the Agreement, the terms of the Plan shall prevail.

## VII.  Provisions For Rejection of Executory Contracts

7.1   Debtor hereby reserves the right to accept or reject any and all executory contracts not previously assumed or rejected under §365 of the Code prior to the Confirmation Date.

## VIII Other Provisions

8.1   All United States Trustee Quarterly fees due and owing on the date of confirmation shall be paid in full on the effective date of the plan or as the Court may otherwise order..

## IX.  Jurisdiction of the Court

9.1  The Court will retain jurisdiction until this plan is fully consummated including, but not limited to, the following purposes:

9.2     The classification of the claim of any creditor and the reexamination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditor's claims for the purposes of voting, shall not be deemed to be a waiver of the Debtors' right to objection to, or re-examine the claim in whole or in part, unless the creditor accepts the plan in which case the claim shall not be subject to further challenge.

9.3     Determination of parties' claims as secured or unsecured, including valuation hearings under §506 of the Bankruptcy Code.

9.4     Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtors and any other party, including, but not limited to, any right of the Debtors to recover assets pursuant to the provision of Title II of the United States Code or the determination of tax liabilities under §505 of the Bankruptcy Code.

9.5     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this plan or the order of confirmation as may be necessary to carry out the purpose and intent of this plan.

9.6     The modification of this plan after confirmation pursuant to the Bankruptcy Rules and Title II of the United States Code.

9.7     To enforce and interpret the terms and conditions of this plan, and prior orders of the Court and the Agreement Incident to Distribution of Sales Proceeds.

9.8     Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the court may deem proper.

9.9     To enforce the Note executed by Tres Deseos, Inc. in favor of the Debtor, including but not limited to, proceedings by the Debtor to collect upon the Note.

9.10    Resolving any disputes among the parties regarding language to be set forth in the respective mutual releases to be executed hereunder and as required by the Settlement Agreement.

### X.  Notices

10.1    Any notice required to be given hereunder shall be given by Certified Mail, Return Receipt Requested, as follows:

To Debtor:
         TREASURE HILLS INVESTMENTS, N.V.

c/o Brendan Hall
P.O. Box 2725
Harlingen, Texas 78550

With a Copy to:
Abelardo Limon
Law Offices of John Ventura, P.C.
7 North Park Plaza
Brownsville, Texas 78521

## XI.

### Execution and Signatures

11.1  This Liquidating Plan is proposed by the Debtor in good faith, in compliance with the Bankruptcy Code, and executed this 1st day of December, 1999.

## XII.

### Discharge of Claims

12.1  Discharge of Claims. Except as otherwise particularly set forth in the Plan, all consideration provided pursuant to the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature whatsoever against the Debtor and/or the Estate (including liens); and upon the Effective Date, in accordance with §1141 of the Bankruptcy Code, all such Claims shall be satisfied, discharged and released in full; and all holders of Claims or an Equity Security (as defined in the Bankruptcy Code) shall be precluded from asserting against the Debtor or its assets any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, other than Claims arising under the Plan, and all Creditors shall be precluded from asserting against the Debtor or its assets any causes of action or Claims or any nature whatsoever.

Respectfully submitted,

TREASURE HILLS INVESTMENTS, N.V.

By: _____
Hector De Zamacona
Its: Managing Director

Of Counsel:

Law Offices of John Ventura, P.C.
7 North Park Plaza
Brownsville, Texas 78521
956-546-9398 Voice
956-542-1478 Fax
Attorneys for Debtor

By: _____
    Abelardo Limon
    Federal I.D. No. 10045
    Texas Bar No. 12357750

## CERTIFICATE OF SERVICE

    I hereby certify that on the ____ day of _____, 1999, a true and correct copy of the foregoing was sent VIA REGULAR UNITED STATES MAIL,

TRUSTEES:
UNITED STATES TRUSTEE
515 Rusk, Suite 3516
Houston, Texas 77002

Barbara C. Kurtz, Attorney
Wilson Plaza, Ste. 1107
606 N. Carancahua
Corpus Christi, Texas 78476

OTHER PARTIES:

Attorney General, State of Texas
c/o Flora A. Fearon
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Banamex
c/o Charles Kelley
Mayer, Brown & Platt
700 Louisiana Str., Ste. 3600
Houston, TX 77002-2730

International Bank of Commerce
c/o Mary Lou Ryan Ray
RANSOME & RAY, P.C.
550 E. Levee Street
Brownsville, Texas 78520-5343

Internal Revenue Service
Special Procedures Staff
c/o Keri Templeton
300 East 8th Street
STOP 5022 AUS
Austin, TX 78701

Roberto Lozano
c/o Demetrio Duarte
2200 Warner
San Antonio, Texas 78201

Claudio Arellano Rangel
c/o Kurt Stephen
100 S. Bicentennial
McAllen, Texas 78541

Vicki Tolifson
c/o Preston Henrichson
222 West Cano
Edinburg, Texas 78540-1229

Larry Walsh
950 E. Van Buren
Brownsville, Texas 78520-7199

Larry Walsh
c/o John W. Harris
GRESHAM, DAVIS, ET AL
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Brendan Hall
1221 E. Polk St.
P.O. Box 2725
Harlingen, Texas 78550

United States Attorney
P.O. Box 61129
Houston, Texas 77208

Attorney General of the
United States of America
10th & Constitution, Ave. N.W.
Washington, DC 20220

Jennifer Graff
c/o Louise Hytken
Department of Justice
Tax Division
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201

Nancy Masso
Assistant U.S. Attorney
P.O. Box 1671
Brownsville, Texas 78522

and to all parties shown on attached matrix.

_____
Abelardo Limon

Liquidating Plan of Reorganization
TREASURE HILLS INVESTMENTS, N.V.
19

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:

TREASURE HILLS INVESTMENTS, N.V.          CASE NO. 96-24360-B-11

DEBTOR          CHAPTER 11

### *AGREEMENT INCIDENT TO DISTRIBUTION OF SALE PROCEEDS*

On this date, after notice of the hearing had been given to all parties in open court, came to be heard the arguments and objections concerning the distribution of proceeds from the sale of real estate to Tres Deseos, Inc. pursuant to the order of the Court signed and entered October 19, 1999.

*SALE = $2,601,000.⁰⁰ ( LESS AD VALOREM ) = $2,536,000*
*$65,000    TO DISTRIBUTE*

The parties present announced to the Court that they had reached an agreement concerning the distribution of the sale proceeds. The undersigned parties announced their agreement in open court to the following:

1. The following parties would be paid the following amounts:

| | | |
|---|---|---|
| a. | Internal Revenue Service | $ 311,000.⁰⁰ |
| b. | Texas Workforce | $ 9,500.⁰⁰ |
| c. | Comptroller of Public Accounts | $ 25,218.⁰⁹ |
| d. | ~~Ad Valorem Taxes~~ | $ |
| e. | ~~Carlos Cuellar~~ | $ |
| f. | Abelardo Limon | $ 85,000.⁰⁰ |
| g. | Brendan Hall | $ 65,000.⁰⁰ |
| h. | ~~Demetrio Duarte~~ | $ |
| i. | ~~Scott Rowland~~ | $ |
| j. | Banco Nacional de Mexico | $ 350,000.⁰⁰ |
| k. | Claudio Rangel | $ 150,000.⁰⁰ |
| l. | DeLaGarza | $ 80,000.⁰⁰ |
| m. | Treasure Hills Properties | $ 12,000.⁰⁰ |

~~Subtotal~~     $

| | | |
|---|---|---|
| n. | LOZANO - LIEN | $ 465,000.⁰⁰ |
| o. ~~n.~~ | Lawrence Walsh, TRUSTEE | $ 970,000.⁰⁰ |
| p. | LONG CHILTON (CPA) | $ 13,500.⁰⁰ |

~~Total~~     ~~$3,600,000.00~~

FROM PROCEEDS OF SALE OF 6 REMAINING LOTS:
(EST. VALUE @ $30,000/EA.)

3

| | | |
|---|---|---|
| Q. | TRADE CREDITORS | $ 37,500.⁰⁰ |
| R. | POTENTIAL POST-OP. EXP. | $ 97,000.⁰⁰ |
| S. | CARLOS CUELLAR | $ 60,000.⁰⁰ |

①

2. The parties further agree that their agreement is a "universal settlement" which shall end all disputes between the parties and all litigation between the parties with prejudice.

3. This agreement shall not be binding upon the parties until approved by the bankruptcy court in this cause.

4. All parties shall be paid in full within ~~thirty~~ TEN days of the court approving the ~~settlement~~ PLAN OF ~~agreement~~ CONFIRMATION, AS THE TRES DESEDS NOTE FOR $1.3 MILLION BECOMES PAYABLE IN FULL WITHIN 10 DAYS OF ENTRY OF CONFIRMATION ORDER, REGARDLESS OF ANY APPEAL.

5. Banco Nacional De Mexico agrees to release Hector de Zamacona, Roberto Lozano Lozano and their respective spouses from the personal guarantees and all other liabilities for payment upon the receipt of $750,000.00, total FROM BOTH the estate and conveyance of proceeds from Lozano's lien.

6. Each signator hereto represents and warrants his or her authority to execute this instrument in the individual and/or representative capacity stated.

7. Miscellaneous Provisions.

THAT THE ESTATE SHALL

A. ROBERTO LOZANO AGREES ~~TO~~ CONVEY $400,000 OF THE DESIGNATED $465,000 ~~RECEIVED~~ TO BE RECEIVED BY LOZANO DIRECTLY TO BANAMEX. UPON BANAMEX'S RECEIPT OF $400,000 FROM THE ESTATE FOR MR. LOZANOS LIEN AND $350,000 FROM THE ESTATE FOR BANAMEX'S UNSECURED CLAIM, BANAMEX WILL EXECUTE A RELEASE OF THE CONTINUING GUARANTEES TO MR. ZAMACONA, MR. LOZANO & THEIR RESPECTIVE SPOUSES.

B. MR. ROBERTO LOZANO & HIS SPOUSE AGREES TO CONVEY BY SPECIAL WARRANTY DEED THE (2) TWO PROPERTIES MR. LOZANO PERSONALLY OWNS IN "TREASURE HILLS ESTATE" TO MR. LARRY WALSH, TRUSTEE IN RETURN FOR A FULL RELEASE FROM ANY AND ALL CLAIMS AGAINST MR. LOZANO, MR. ZAMACONA & THEIR SPOUSES.

C. TREASURE HILLS, THE DEBTOR, AGREES TO CONVEY BY ~~ORD~~ ORDER OF THE COURT TWO (2) OF THE REMAINING EIGHT (8) PROPERTIES/LOT HELD BY THE DEBTOR IN "TREASURE HILLS ESTATE" TO MR. LARRY WALSH, TRUSTEE IN RETURN FOR A FULL RELEASE FROM ANY AND ALL CLAIMS AGAINST THE ESTATE. MR. WALSH, TRUSTEE RECOGNIZES THAT THERE MAY BE CLAIMS AGAINST THE LOTS AND ACCEPTS FULL RESPONSIBILITY FOR RESOLVING THOSE CLAIMS.

OF MR. WALSH'S CHOICE,



*(& ANY DISCREPANCIES IN VALUE FOR NOT-PRESENT CLAIMAN OR CREDITORS.)*

D. TREASURE HILLS, the DEBTOR, SHALL SELL THE REMAINING SIX (6) OF THE EIGHT (8) PROPERTIES HELD BY THE DEBTOR AND FROM THE PROCEEDS OF THIS SALE SHALL PAY $37,500 TO TRADE CREDITORS ON A PRO RATA BASIS, $60,000 TO CARLOS CHURLUR, AND THE REMAINING PROCEEDS SHALL BE USED TO PAY THE EXPENSES OF THIS SALE, FURTHER ESTATE EXPENSES AND HELD IN RESERVE FOR PAYMENT OF ~~AS POST~~ PETITION TRADE CREDITORS WHO ~~SUBMITTED CLAIMS FOR~~ ADMINISTRATIVE CLAIMS FOR APPROVAL W/IN THIRTY (30) DAYS OF NOTICE.

E. THIS PLAN INCLUDES THE EXECUTION OF MUTUAL RELEASES BY AND AGAINST ALL PARTIES FROM ANY FURTHER LITIGATION BY ALL PARTIES TO THIS AGREEMENT. The ~~(CREDITORS )~~ court shall issue, as part of the confirmed plan, an order(s) selling the 6 lots set forth in ~~the~~ paragraph (D) free and clear of all liens and claims.

F. THE AMOUNTS TO BE PAID IN SETTLEMENT SHALL BET BROKEN OUT AS $200,000 TO WALSH AS AN ADMINISTRATIVE CLAIM, $50,000 TO JOHN HARRIS AS AN ADMINISTRATIVE CLAIM, THE BALANCE OF $720,000 PLUS THE TWO LOTS FROM THE ESTATE AND TWO LOTS FROM MR. LOZANO SHALL BE CONVEYED TO LARRY WALSH, TRUSTEE. THIS BREAKDOWN AND ALLOCATION OF ADMINISTRATIVE CLAIM SHALL BE THE SOLE RESPONSIBILITY OF MR. WALSH AND MR. HARRIS, AND NOT THAT OF THE CREDITORS TO THE ESTATE.


**APPROVED THIS 20TH DAY OF OCTOBER, 1999.**

_____

_____        _____

_____        _____

_____        _____

_____        _____

(3)/r

G. Any amounts paid at closing are subject to disgorgement if the plan is not confirmed as contemplated by this agreement. At the closing of the property, all items listed in Exhibit A shall be paid

H. The approval of this instrument by the IRS representative is subject to approval by appropriate IRS authorities. Any release by the IRS shall operate or pertain only to claims that the IRS possesses by, through, or under Treasure Hills, Inc. Alone.

F. _____

**APPROVED THIS 20TH DAY OF OCTOBER, 1999.**

_____
Lawrence A. Walsh
Individually and as trustee.

Demetrio Duarte
as agent for Hector de Zamacona & Roberto Lozano

_____
ATTORNEY FOR TREASURE HILLS, N.V.

_____
KURT STEPHEN, ATTORNEY FOR CLAUDIO RANGEL

_____
Atty for F. Villa Garcia
& Los Chinos Asperson N

Jennifer Graff
JENNIFER GRAFF; subject to approval

CK Kelley
CHARLES S. KELLEY; subject to final ratification and approval by Banca Nacional de Mexico

Heriberto Medrano by Demetrio Duarte, Jr.
For Gaston Derbez

_____

_____
Atty. For Tres Perros, Inc.

(4)/5

Exhibit A.

List of agreed expenses to be paid at closing:

A. Internal Revenue Service        $311,000.00

B. Texas Workforce        $ 9,500.00

C. Comptroller of Public Accounts        $25,218.00

D. Ad Valorem Taxes        $65,000.00

E. Abelardo Limon        $85,000.00

F. Brendan Hall        $65,000.00

G. Demetrio Duarte (from Logans Lien)        $65,000.00

H. Banco Nacional de Mexico (from Logans Lien)        $400,000.00

I. John W. Harris, Esquire        $50,000.00

J. Lawrence A. Walsh        $200,000.00

Subtotal:        1,275,218.00

Case: 96-24360    Form id: 122    Ntc Date: 12/06/1999    Off: 1    Page : 1
Total notices mailed: 9

Debtor     Treasure Hills Investments NV,    3009 North Augusta National Drive,    Harlingen, TX 78550
Aty        Hall, Brendan J, Jr    Attorney at Law,    P O Box 2725,    Harlingen, TX 78551
Aty        Rozell, Andrew K    Attorney at Law,    323 E Jackson,    Harlingen, TX 78550
Aty        Ventura, John    Attorney at Law,    7 North Park Plaza,    Brownsville, TX 78521
Aty        Harris, John Wallis    Gresham Davis Gregory Worthy & Moore,    112 E Pecan St,    9th Fl,    San Antonio, TX 78205
U.S. Trus  United States Trustee,    515 Rusk,    Ste 3516,    Houston, TX 77002
Aty        Kurtz, Barbara C    Office of U S Trustee,    606 N Carancahua,    Ste 1107,    Corpus Christi, TX 78476
special c  Walsh, Lawrence A    Walsh & Associates,    950 E Van Vuren St,    Brownsville, TX 78520-7199
Aty        Wiley, Paul Lee    Attorney at Law,    P O Box 2764,    Harlingen, TX 78551-2764

# DEFENDANTS' SUPPLEMENTAL PROOF IN SUPPORT OF THEIR MOTION FOR
# SUMMARY JUDGMENT
# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 96-24360-B11 |
| | § | |
| TREASURE HILLS INVESTMENTS, N.V., | § | |
| Debtor | § | Chapter 11 |
| | § | |

## DEBTOR'S LIQUIDATING PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

TREASURE HILLS INVESTMENTS, N.V., Debtor-In-Possession in this cause, and pursuant to 11 U.S.C. 1127 files this Debtor's Liquidating Plan and would show unto the court the following:

I.

### DEFINITIONS

For the purpose of this Liquidating Plan of Reorganization, the following definitions shall apply:

1.1 Administrative Expense: All costs and expenses of the Chapter 11 Case allowed under 11 U.S.C. Section 503(b)(2), (4), and (6), including all costs of making distributions and providing notices and ballots regarding the Plan.

1.2 Agent, or Liquidating Agent, or Disbursing Agent: This term shall refer to an authorized person, or other entity to be selected by the Debtor and approved by the Court, to act as custodian and disbursing agent of the Sales Proceeds and of the funds to be paid to Creditors pursuant to the Plan.

1.3 Allowed Claim: Any claim:

(a.) Which is scheduled by the Debtor pursuant to Section 521 (l) other than a Claim scheduled as disputed, contingent, or unliquidated;

(b.) For which a proof of Claim was filed with the Bankruptcy Court on or before the Bar Date:

Liquidating Plan of Reorganization
Treasure Hills Investments, N.V.

1



TRUE COPY I CERTIFY
ATTEST: 7-13-2000
MICHAEL N. MILBY, Clerk of Court
By_____
Deputy Clerk



(c.)   In the case of Administrative Expenses subject to Bankruptcy Court approval, requests for payment which are approved by the Court after having been timely filed; or

(d.)   As to which no objection to the allowance thereof has been or may be interposed within the applicable period of limitation fixed by the Court, the Code or the Federal Rules of Bankruptcy Procedure (the "Rules), or as to which an objection has been determined by an order or judgment that is no longer subject to appeal.

1.4   Allowed Secured Claim: An Allowed claim which is secured by a perfected, non-preferential lien on property of the Debtor's estate, to the extent of the value of the interest of the holders of such allowed claim in such property of the Debtor, as determined by the Bankruptcy Court pursuant to 11 U.S.C. Section 506 (a).

1.5.   Bankruptcy Code:     The Bankruptcy Code of 1978 as contained in Title 11, U.S.C., §101 et seq. and the amendments thereto.  All references to any statute in this plan are references to the Bankruptcy Code as defined therein.

1.6   Bar Date: March 17, 1997 (or as may have been extended  specifically by Order of the Court with respect to any specific Creditor or party in interest), which is the date set by the Court after which any claims which are filed will be void and disallowed for purposes of voting and distribution.  With respect to any claims which arose after (date here) the bar date for filing such claims shall be 30 days after entry of the Order of Confirmation and not thereafter.

1.7   Cash Collateral:   All revenues, costs, profits, and other monetary proceeds from any of the Debtor's assets the subject of a valid Secured Claim, and all cash collateral as defined under Section 363 of the Code, all of which are subject to the respective Secured Creditor's perfected first lien and security interest.

1.8   Claim: Any right to payment from the Debtor as of the Confirmation Date: (a) which is evidenced by a proof of claim properly filed in this Chapter 11 Case prior to the Bar Date and/or scheduled by the Debtor as a debt, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or

unsecured; or (b) which is a claim for payment or of liability, whether direct or indirect, against Debtor, whether based upon theories of "alter ego" or piercing the corporate veil", .whether any such claim is based upon joint or several liability therefore, or whether such claim is based upon any guaranty, whether or not such claim has been listed in Debtors' Statements or Schedules,; and whether or not evidenced by a proof of claim properly filed in this Case prior to the Bar date.

1.9     Collateral Security: All of Debtor's property and assets, including all property brought into the estate under Section 541 of the Code, which includes the Debtor's assets, together with all contracts, rentals, leases, intangibles and all money and other proceeds of each of the foregoing (including all Cash Collateral) and all other real and personal property wherever located, and which was the subject of a valid, perfected lien or other security interest on the Petition Date.

1.10    Confirmation Date:    The date of entry upon the docket for this case by the Bankruptcy Court of an Order of Confirmation of this liquidating plan in accordance with 11 U.S.C. §1129.

1.11    Confirmation Order: The Order of the court confirming this Liquidating Plan, together with any supplemental or amended Order with respect thereto.

1.12    Court:   The United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, acting in this case.

1.13    Contested/Disputed Claim: Any claim as to which the Debtor or any other party in interest has interposed or may interpose an objection in accordance with the Code and the rules, which objection has not been determined by an order or judgment that is no longer subject to appeal.

1.14    Creditor:  Any entity that has a claim against the Debtor that arose at the time of or before the filing of the petition in this case as defined in §101(4) of the Bankruptcy Code.

1.15.   Debtor: TREASURE HILLS INVESTMENTS, N.V.
            Case No. 96-24360-B-11

1.16    Disclosure Statement: The Disclosure Statement approved by order of the court with respect to this plan, together with any amendments, supplements or Exhibits thereto, including the Supplement to the Disclosure Statement which is being filed contemporaneously hereto.

1.17   Effective Date:   Effective date shall mean the Confirmation date.

1.18   Equity Holder:   Any interest of any person or entity who or which has or claims to have an ownership interest of any kind, including any interest represented by a partnership interest, stock, or any other type of ownership interest of any kind or nature whatsoever in any of the Debtors.

1.19   Final Order:   An Order that becomes final ten (10) days after it is entered if no notice of appeal is filed during that period pursuant to Bankruptcy Rule 8002.

1.20   Interest Holder:   Any equity security holder and each owner and holder of common stock of the Debtor, including existing shareholders.

1.21   Petition Date:   October 21, 1996, the date when this Chapter 11 case was filed by the Debtor with the filing of a voluntary petition under Chapter 11 of the Code.

1.22   Plan:   This Liquidating Plan of even date herewith.  It represents a complete modification of the first plan confirmed on November 1997.

1.23   Plan Documents:   This Liquidating Plan, the Disclosure Statement for this Plan, together with its Exhibits and any amendments or supplements thereto, as approved by the Bankruptcy Court.

1.24   Plan Proponent:   Treasure Hills Investments, N.V.

1.25   Priority Claim:   Any claim having priority under 11 U.S.C. Section 507, except for the Administrative Claims.

1.26   Professional or Professional Person:   Any person, firm or other entity employed by the Debtor or by the Committee pursuant to Order of the Court, under 11 U.S.C. Section 327.

1.27   Sales Proceeds:   The sum of $2.6 Million (TWO MILLION SIX HUNDRED THOUSAND DOLLARS) to be paid by Tres Deseos, Inc. to the Debtor as the purchase price for the Debtor's assets previously ordered sold by the Court, such sum to be set aside in the registry of the Court and dedicated for payment of all allowed Claims in this case.

1.28   Secured Claim:   The Claim of any creditor of the Debtor to the extent

that such claim is secured by a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor. A claim is secured only to the extent of the value of the Debtor's property which the Court finds is the valid security for such claim as evidenced by a perfected security interest enforceable against property of the estate of the Debtor.

1.29 <u>Secured Creditor</u>: Those creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor at or prior to confirmation of the plan.

1.30 <u>Substantial Consummation</u>: Substantial consummation of the plan, as that is used in the Bankruptcy Code, shall be effected only upon the full and final payment of all payments under the Note from Tres Deseos Inc. to the Debtor.

1.31 <u>Unsecured Claim</u>: Any claim or portion of a claim against the Debtor not secured by a perfected security interest in property of the Debtor's estate.

A Term used in this Plan, not otherwise defined herein or in the Disclosure Statement but used in the Code, shall have the definition assigned to such term in the Code.

II.

## Classification of Claims

2.1 Unless otherwise expressly stated in the Plan, distributions to holders of Allowed Claims and interests are in full satisfaction of those Allowed Claims and Interests,. All claims against the Debtor arising before Confirmation of the Plan shall be deemed satisfied by the obligations provided for in the Plan, pursuant to U.S.C. Section 1141 (d), and no holder of any Claim shall have any further or future rights with respect thereto. For the purposes of distribution under this Plan, Claims are divided into the following classes:

2.2 <u>Classification of Classes under the Plan</u>

Class 1 - Trustee Fees as per 11 U.S.C. Section 503.

Class 2 - Administrative Claims: All allowed administrative Claims, as that term is defined herein, including fees for services rendered and expenses incurred by Court-- appointed counsel for the Debtor, Committee Attorneys, or other Professionals employed by the Committee or the Debtor, and any expenses provided for under 28 U.S.C. Section 1930. There are six (6) claims in this class: the

Law Office of John Ventura, P.C., attorneys for Debtor; the Law Office of Brendan Hall, special counsel for Debtor; the §503 claim of Treasure Hills Properties, Inc., a claim previously allowed by this Court; John Harris, attorney for the Class 12; Lawrence Walsh, (allowed as a partial administrative claim by agreement); and Jack Brown, a claim for post-petition services (survey).

Class 3 - All allowed administrative claims which are claims for post-petition wages. There are two claims in this class:  Carlos Cuellar and Joe Shirley. Both claims are disputed.

Class 4  - The Allowed Claim of each priority creditor, person or entity, whether or not the holder of a secured claim that is secured by a tax lien and/or security interest in the Sale Proceeds  which arises from a priority claim as allowed by 11 U.S.C. Section 507(a)(7) of the Code.   There  is one claim in this class: the Internal Revenue Service.

Class 5 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a statutory tax lien and/or security interest in the Sales Proceeds and which arises under state law.  There are two claims in this class: the State of Texas Comptroller and the Texas Workforce Commission.

Class 6 -   The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the Sales Proceeds
 There is one claim in this class: Roberto Lozano.

Class 7 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the real property of the Debtor  as that property is known as four lots, including any claim with respect to or arising out of any and all mortgages, leases, and liens.  There is one claim in this class: International Bank of Commerce.

Class 8 -  The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal  property of the Debtor as that property is known as a 1991 Mitsubishi Expo and as more fully described on the attached Exhibit A describing the Sale Assets, including any claim with respect to or arising out of any and all mortgages, leases, and liens.  There is one claim in this class: Chrysler Credit.

Class 9 - The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal property of the Debtor as that property is known as sixty golf carts, including any claim with respect to or arising out of any and all mortgages, leases, and liens.  There is one claim in this class: First Valley Bank.

Class 10- The Allowed Claim of each secured creditor, person or entity, which is the holder of a secured claim that is secured by a lien and/or security interest in the personal property of the Debtor as that property is known as a fairway mower, including any claim with respect to or arising out of any and all mortgages, leases, and liens.  There is one claim in this class: John Deere Credit.

Class 11 - The Allowed Claim of each creditor, person or entity, which is a party to that certain litigation entitled Vicki Tolifson v. Treasure Hills, N.V. et. al, in the 138th District Court of Cameron County, Texas.

Class 12 - The allowed claim of each secured creditor, person, or entity which is the holder of a secured claim by an alleged lien and/or security interest in the real property of the Debtor, as that property is known as Lots 1 through 14, inclusive, Block 7; Lots 15 thru 44 inclusive, Block 8; Lots 15 through 30, inclusive, Block 9, Treasure Hills Country Club Subdivision, Cameron County, Texas.   There is one claim in this class: Claudio Rangel.

Class 13 - The Allowed Claim against the Debtor whether pre-petition or post-petition, whether secured or unsecured, whether liquidated or unliquidated, by or on behalf of Lawrence Walsh, Trustee, or on behalf of any other party, including but not necessarily limited to American Express International or any other party which is a plaintiff in that certain litigation entitled Lawrence A. Walsh, Trustee vs. Treasure Hills Investments, N.V. et al pending in the United States District Court for the Southern District of Texas Brownsville Division, Civil Action No. B-96-83.

Class 14- The Allowed Claim of each creditor, person or entity, which is the holder of a deficiency claim that was previously secured by a lien and/or security interest in the real property of the Debtor as that property is known as the golf course, the pro shop, and the club house and as is more fully described on the attached Exhibit A describing the Sale Assets, including any claim with respect to or arising out of any and all mortgages, leases, and liens. There is one claim in this Class: Banamex

Class 15 - The allowed unsecured claim  for services provided post-petition in connection with the prosecution of the subordination claim against Roberto Lozano: There is one claim in this class: that of Long, Chilton, Payte, and Hardin.

Class 16 - The allowed unsecured claim of each creditor, person, or entity in an amount higher than $100,000.00.   There is one claim in this class: Fernando de la Garza.  The claim is disputed.

Class 17 -  As heretofore provided, all other claims against the Debtor, however arising, not otherwise included in any other class described herein, including the undersecured portion of any allowed secured claim that is allowed by this Plan, allowed unsecured claims, claims based upon the rejection or modification of executory contracts or unexpired leases insofar as the same are allowed under the terms and provisions of this Plan, and any other Claim of any other creditor not otherwise defined or provided specifically by the other Classes of Claims, and/or by the other provisions of this Plan. This class includes any claim of any purchaser of lots which were sold by the Debtor pre-petition but which were never transferred to the purchaser. These lots are described as follows:

    1.      Lot 20, Block 4, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Rolando Derbez, Oaxaca 3365, Colonia Jardin, Nuevo Laredo, Mexico

88260;

2.     Lot 15, Block 1, Treasure Hills Country Club Blocks 1, 2, 6 and 7, Sec. I, Subdivision, Cameron County, Texas, conveyed to Guillermo Siller, whose address is unknown.

3.     Lot 6, Block 2, Blocks 1, 2, 6 and 7, Sec. I, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Gerardo Almaguer, whose address is unknown.

4.     Lot 1, Block 2, Blocks 1, 2, 6 & 7, Sec. I, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Jaime Woldenberg, Ave. whose address is Los Angeles, 1700 OTE Col. Garza Cantu, San Nicolas, N.L.Mexico 66480.

5.     Lot 6, Block 7, Blocks 7, 8 & 9, (Partial) Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Roberto Lozano and Hector Zamacona, principals of the Debtor, whose address is the same as the Debtor's.

6.     Lot 14, Block 4, Treasure Hills Country Club Subdivision, Cameron County, Texas, conveyed to Andres Cantizani, Florenciak, whose address is 117 Col San Patricio, San Pedro Garza Garcia, N.L. Mexico 66270.


Class 18 - Any claim of any equity holder as an owner of the Debtor.  There are nine (9) claims in this class.  The equity shareholders of the Debtor are:


FRANCISCO DE ANDA
JOSE MAIZ
FERNANDO DE LA GARZA
FELIX CANTU
FERNANDO MEDRANO
MARTIN JUAREZ
ROBERTO LOZANO
HECTOR ZAMACONA
CARLOS GARCIA
DRA. GUADALUPE TIJERINA
JOSE  GUAJARDO
RGC GROUP
ALBERTO DIAZ RIVERA


### III.  Treatment Of Non-Impaired Classes

The following is the treatment of the Non-Impaired Classes:

3.1    These claims consist of all claims in Class 1.  These claims shall be paid in cash on Confirmation, or as soon thereafter as each becomes an Allowed claim and upon application to the Court to release the funds in the registry of the Court for payment.  The following classes of claims shall be unimpaired.  Class 1.

## IV.  Cramdown and Treatment of Impaired Classes

4.1    Cramdown: The Plan Proponent reserves the right, pursuant to Section 1129 (b) of the Code, to request, and Plan Proponent hereby requests, that the Court confirm the Plan if all of the applicable requirements of Section 1129 are met.  Classes 2 through 16 are impaired.

4.2    The holders of allowed Class 2 claims shall be paid out of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.  These claims and their amounts are as follows:

| | | |
|---|---|---|
| A. | Law Office of John Ventura | $85,000.00 |
| B. | Brendan Hall | 65,000.00 |
| C. | Treasure Hills Properties, Inc. | 11,200.00 |
| D. | John Harris | 50,000.00 |
| E. | Lawrence Walsh | 200,000.00 |
| F. | Jack Brown | 3,500.00 |

4.3  The disputed claims  in Class 3 of Carlos Cuellar was filed for $80,000.00.  It shall be paid the amount of $60,000.00 and allowed as an administrative claim upon confirmation and shall be paid from first available proceeds from the sale of the six lots described in Section 5.1 herein.

The claim of Joe Shirley was not filed with the Court.  It was delivered to Debtor's counsel via a letter requesting payment on October 5, 1999.  The Debtor will dispute this claim as being a late filed claim and as being a claim for wages pre-petition instead of post-petition.  It shall be paid as  a claim in Class 4.17, if allowed.

Any other holder of any allowed administrative claim not listed in this plan is forever barred from asserting an administrative claim in this case and against the sales proceeds in this case and shall not receive any distribution under this Plan unless the claim is filed in accordance with the requirements of Section 503 of the Bankruptcy Code on or before the expiration of thirty (30) days from the confirmation date and is held to be an allowed administrative claim.

4.4    The holders of allowed Class 4 claims  shall be paid out of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.  There is one claim in  this class:

Liquidating Plan of Reorganization
TREASURE HILLS INVESTMENTS, N.V.
9

the Internal Revenue Service in the approximate amount of $311,000.00.

4.5     The holders of allowed Class 5 claims shall be paid out of the Sales Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.   There are two claims in this class: the secured claim of State of Texas Comptroller in the approximate amount of $25,218.00;  and the secured claim of the Texas Workforce Commission in the amount of $9,500.00.  To the extent that these claimants are owed more because of post-petition interest or other charges, the claims shall be paid from the liquidation of the lots as described in Section V herein.  These claimants have liens on such lots.

4.6     The holders of allowed Class 6 claims, including any post-petition portions thereof, shall be paid out of the Sale Proceeds upon the closing of the sale of the Debtor's assets to Tres Deseos, Inc.  There is one claim in this class: the secured claim of Roberto Lozano in the amount of $3,907,520.00.  The claim shall be paid Four Hundred Sixty-Five Thousand and No/100 Dollars ($465,000.00).  By agreement previously approved by the Court, Roberto Lozano has assigned $65,000.00 to Demetrio Duarte and $400,000.00 to Banco Nacional de Mexico; said amounts to be paid at the closing of the sale of assets to Tres Deseos, Inc.

4.7     The holders of allowed Class 7 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets.  There is one claim in this class: the International Bank of Commerce.   The Debtor has surrendered its interest in the collateral in full and final satisfaction of the debt.  IBC shall have no other claims in this case.

4.8     The holders of allowed Class 8 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets. There is one claim in this class: The secured claim of Chrysler Credit in the amount of $4,513.48 secured by a 1991 Mitsubishi Expo. The Debtor has surrendered its interest in the vehicle and Chrysler Credit shall have no other claim in this case.

4.9     The holders of allowed Class 9 claims, including any post-petition portions thereof, shall not be paid out of the proceeds of the Sale Assets. There is one claim in this class: The secured claim of First Valley Bank in the amount of $99,285.14 secured by 60 golf carts.  The Debtor has surrendered its interest in the golf carts and First Valley Bank shall have no other claim in this case.

4.10    The holders of allowed Class 10 claims, including any post petition portions thereof, shall not be paid out of the proceeds of the Sale Assets. There is one claim in this class: The secured claim of John Deere Credit in the amount of $16,499.54 secured by a fairway mower. The Debtor has surrendered its interest in the fairway mower and John Deere shall have no other claim in this case.

4.11    The holders of allowed Class 11 claims, including any post-petition portions thereof, shall not be paid in this case. There is one claim in this class: Vicki Tolifson. Previously, the Debtor had entered into a settlement agreement with the claimant pre-petition on December 8, 1995. The

settlement agreement gave the claimant six lots in lieu of the claim; however, these lots were encumbered by federal tax liens and other first and second lien encumbrances as more specifically described in the Debtor's Disclosure Statement and as described on the agreement. Additionally, the first lienholder, International Bank, has foreclosed on the lots pursuant to an Agreed Order Modifying Stay entered by this Court.. Tolifson shall receive the remaining two lots described in the settlement agreement and shall receive no other claim in this case. These lots are as follows: Blocks 1, 2, 6 & 7, Sec. I, Lot 2, Block 7, Treasure Hills County Club, Cameron County, Texas and Blocks 1, 2, 6 & 7, Sec. I, Lot 1, Block 7, Treasure Hills County Club, Cameron County, Texas.

4.12   The holders of allowed Class 12 claims, shall be paid out of the Sale Proceeds held by the Court. There is one claim in this class: the secured claim of Claudio Rangel in the amount of $305,000.00. The claim shall be paid One Hundred Fifty Thousand and No/100 Dollars cash ($150,000.00) upon the payment in full of the Tres Deseos Note into the registry of the Court.

4.13   The holders of allowed Class 13 claims shall be paid out of the Sales Proceeds held by the court. There is one claim in this class: the claim of Lawrence Walsh, Trustee, in the amount of $1.5 Million.   The claim shall be paid the sum of Seven Hundred Twenty Thousand Dollars ($720,000.00) Dollars cash upon the payment in full of the Tres Deseos Note into the registry of the Court. Walsh shall also receive two lots of those described in Section 5.1 in satisfaction of the claim and shall receive no other claim in this case.

4.14   The holders of allowed Class 14 claims shall be paid out of the proceeds held by the Court. There is one claim in this Class:  the unsecured deficiency claim of Banamex in the approximate amount of $2.5 Million. This claim shall be paid the sum of Three Hundred Fifty Thousand and No/100 Dollars ($350,000.00) cash upon the payment in full of the Tres Deseos Note into the registry of the Court. Banamex shall fully and finally release all claims against the principals of the Debtor (Roberto Lozano and Hector de Zamacona) upon receipt of payment hereunder and upon receipt of payment under Section 4.6 herein and shall immediately release any and all liens and or encumbrances currently held against any and all property owned by them wherever located.

4.15   The holders of allowed Class 15 claims shall be paid pro rata from the proceeds held by the Court. There is one claim in this class: that of Long, Chilton, Payte, and Hardin in the amount of $12,000.00. Long, Chilton, Payte, and Hardin shall have no other claim in this case or under this plan.

4.16   The holders of allowed Class 16 claims shall be paid out of the proceeds held by the Court. There is one claim in this Class: the disputed claim of Fernando De La Garza in the amount of $205,000.00. This claim shall  be paid the sum of Eighty Thousand and No/100 Dollars ($80,000.00) cash upon the payment in full of the Tres Deseos Note into the registry of the Court. De La Garza shall have no other claim in this case or under this plan.

4.17   The holders of allowed Class 17 claims shall be paid pro rata from the sale proceeds

to be generated by the sale of the four lots remaining after distribution of two lots to Walsh as per Section 4.13 herein.  They shall share pro-rata from the sales proceeds only after payment in full to Carlos Cuellar as per Section 4.3 herein, after payment to the tax claims of Section 4.5, and after payment of costs, expenses, and fees of the Liquidating Agent as per Section 5.1 herein.  The claims are as follows:

| | |
|---|---|
| Chem-Mark of Texas | 621.63 |
| David Geoffrey & Associates | 1,873.00 |
| Dick Office Supply | 215.74 |
| Duckster | 4,104.43 |
| Felco | 530.19 |
| Foot-Joy/Titleist | 8,204.05 |
| Imperial Headwear | 898.10 |
| IZOD | 1,864.68 |
| La Mode | 1,285.15 |
| Morado's Pest Control | 872.05 |
| Portoco | 793.88 |
| Scoggins, McElvey | 3,800.00 |
| South Point Car Care | 300.00 |
| Unifirst Linen | 1,129.62 |
| Unifirst Uniforms | 700.00 |
| Watson Distributing | 2,750.00 |
| Royston, Rayzor | 15,765.04 |
| Slazenger Golf | 1,873.00 |
| B. D. Holt | 17,762.50 |
| Jaime Saldivar | 8,625.11 |
| Rolando Derbez | Amt. Unknown |
| Guillermo Siller | Amt. Unknown |
| Jaime Woldenberg | Amt. Unknown |
| Romulo Elizondo | Amt. Unknown |
| Roberto Lozano | Amt. Unknown |
| Hector de Zamacona | Amt. Unknown |
| Andres Cantizani | Amt. Unknown |

4.18   The holders of allowed Class 16 claims shall be divested of their stock in the Debtor.

4.19   In the event that any class and/or the Debtor vote against the plan, but that the court nonetheless approves the plan under Section 1129 (b) of the Code, the treatment afforded each Creditor in each class will be the same as provided herein.

## V.  Means for Execution of the Plan

5.1   Sale of Assets.  The Bankruptcy Court has previously ordered the sale of the Debtor's

assets to Tres Deseos, Inc. for cash and under a Promissory Note. Certain creditors will be paid at the closing of such transfer. These creditors are reflected on the Order authorizing such sale. Approximately six (6) developed lots were not part of that sale. The Confirmation Order shall authorize and direct the Liquidating Agent to sell these six lots free and clear of liens. The Confirmation Order shall also authorize the Liquidating Agent to act as custodian and disbursing agent of the Sales Proceeds received from both the Tres Deseos, Inc, proceeds in addition to the proceeds of the six lots, whether at any closing or whether in the registry of the Court. The Liquidating Agent shall also be authorized to distribute the proceeds as herein stated and as may be further described in the Agreement Incident to Distribution of Sales Proceeds. Additionally, the Liquidating Agent shall have the right to apply to this court for approval of fees and expenses from the sales proceeds.

## VI. Agreement Incident to Distribution of Sales Proceeds

6.1    The Agreement Incident to Distribution of Sales Proceeds is attached hereto as Exhibit A and is hereby made a part of this plan and are incorporated herein for all purposes. If any provision of this Plan is in conflict with the terms of the Agreement, the terms of the Plan shall prevail.

## VII. Provisions For Rejection of Executory Contracts

7.1    Debtor hereby reserves the right to accept or reject any and all executory contracts not previously assumed or rejected under §365 of the Code prior to the Confirmation Date.

## VIII Other Provisions

8.1    All United States Trustee Quarterly fees due and owing on the date of confirmation shall be paid in full on the effective date of the plan or as the Court may otherwise order..

## IX. Jurisdiction of the Court

9.1 The Court will retain jurisdiction until this plan is fully consummated including, but not limited to, the following purposes:

9.2    The classification of the claim of any creditor and the reexamination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditor's claims for the purposes of voting, shall not be deemed to be a waiver of the Debtors' right to objection to, or re-examine the claim in whole or in part, unless the creditor accepts the plan in which case the claim shall not be subject to further challenge.

9.3    Determination of parties' claims as secured or unsecured, including valuation hearings under §506 of the Bankruptcy Code.

9.4    Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtors and any other party, including, but not limited to, any right of the Debtors to recover assets pursuant to the provision of Title ll of the United States Code or the determination of tax liabilities under §505 of the Bankruptcy Code.

9.5    The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this plan or the order of confirmation as may be necessary to carry out the purpose and intent of this plan.

9.6    The modification of this plan after confirmation pursuant to the Bankruptcy Rules and Title ll of the United States Code.

9.7    To enforce and interpret the terms and conditions of this plan, and prior orders of the Court and the Agreement Incident to Distribution of Sales Proceeds.

9.8    Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the court may deem proper.

## X.  Notices

10.1   Any notice required to be given hereunder shall be given by Certified Mail, Return Receipt Requested, as follows:

To Debtor:
   TREASURE HILLS INVESTMENTS, N.V.
   c/o Brendan Hall
   P.O. Box 2725
   Harlingen, Texas 78550

   With a Copy to:
   Abelardo Limon
   Law Offices of John Ventura, P.C.
   7 North Park Plaza
   Brownsville, Texas 78521

## XI.

## Execution and Signatures

Liquidating Plan of Reorganization
TREASURE HILLS INVESTMENTS, N.V.
14

This Liquidating Plan is proposed by the Debtor in good faith, in compliance with the Bankruptcy Code, and executed this 29th day of October, 1999.

Respectfully submitted,

TREASURE HILLS INVESTMENTS, N.V.

By: _____
    Hector De Zamacona
    Its: Managing Director

Of Counsel:

Law Offices of John Ventura, P.C.
7 North Park Plaza
Brownsville, Texas 78521
956-546-9398 Voice
956-542-1478 Fax
Attorneys for Debtor

By: _____
    Abelardo Limon
    Federal I.D. No. 10045
    Texas Bar No. 12357750

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 1999, a true and correct copy of the foregoing was sent VIA REGULAR UNITED STATES MAIL,

TRUSTEES:
UNITED STATES TRUSTEE
515 Rusk, Suite 3516
Houston, Texas 77002

Barbara C. Kurtz, Attorney
Wilson Plaza, Ste. 1107
606 N. Carancahua
Corpus Christi, Texas 78476

OTHER PARTIES:

Attorney General, State of Texas

c/o Flora A. Fearon
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Banamex
c/o Charles Kelley
Mayer, Brown & Platt
700 Louisiana Str., Ste. 3600
Houston, TX 77002-2730

International Bank of Commerce
c/o Mary Lou Ryan Ray
RANSOME & RAY, P.C.
550 E. Levee Street
Brownsville, Texas 78520-5343

Internal Revenue Service
Special Procedures Staff
c/o Keri Templeton
300 East 8th Street
STOP 5022 AUS
Austin, TX 78701

Roberto Lozano
c/o Demetrio Duarte
2200 Warner
San Antonio, Texas 78201

Claudio Arellano Rangel
c/o Kurt Stephen
100 S. Bicentennial
McAllen, Texas 78541

Vicki Tolifson
c/o Preston Henrichson
222 West Cano
Edinburg, Texas 78540-1229

Larry Walsh
950 E. Van Buren
Brownsville, Texas 78520-7199

Larry Walsh
c/o John W. Harris
GRESHAM, DAVIS, ET AL
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Brendan Hall
1221 E. Polk St.
P.O. Box 2725
Harlingen, Texas 78550

United States Attorney
P.O. Box 61129
Houston, Texas 77208

Attorney General of the
United States of America
10th & Constitution, Ave. N.W.
Washington, DC 20220

Jennifer Graff
c/oLouise Hytken
Department of Justice
Tax Division
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201

Nancy Masso
Assistant U.S. Attorney
P.O. Box 1671
Brownsville, Texas 78522

and to all parties shown on attached matrix.

Abelardo Limon

Liquidating Plan of Reorganization
TREASURE HILLS INVESTMENTS, N.V.
17

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:

TREASURE HILLS INVESTMENTS, N.V.          CASE NO. 96-24360-B-11

          DEBTOR                          CHAPTER 11

### *AGREEMENT INCIDENT TO DISTRIBUTION OF SALE PROCEEDS*

On this date, after notice of the hearing had been given to all parties in open court, came to be heard the arguments and objections concerning the distribution of proceeds from the sale of real estate to Tres Deseos, Inc. pursuant to the order of the Court signed and entered October 19, 1999.

*SALE = $2,601,000.00 ( LESS AD VALOREM $65,000 ) = $2,536,000 TO DISTRIBUTE*

The parties present announced to the Court that they had reached an agreement concerning the distribution of the sale proceeds. The undersigned parties announced their agreement in open court to the following:

1. The following parties would be paid the following amounts:
   a. Internal Revenue Service                  $ 311,000.00
   b. Texas Workforce                           $ 9,500.00
   c. Comptroller of Public Accounts            $ 25,218.09
   d. ~~Ad Valorem Taxes~~                      $
   e. ~~Carlos Cuellar~~                        $
   f. Abelardo Limon                            $ 85,000.00
   g. Brendan Hall                              $ 65,000.00
   h. ~~Demetrio Duarte~~                       $
   i. ~~Scott Rowland~~                         $
   j. Banco Nacional de Mexico                  $ 350,000.00
   k. Claudio Rangel                            $ 150,000.00
   l. DeLaGarza                                 $ 80,000.00
   m. Treasure Hills Properties                 $ 12,000.00

~~Subtotal~~                                    $
   n. *Lozano - Lien*                           $ 465,000.00
   o. ~~o.~~ Lawrence Walsh, *Trustee*          $ 970,000.00
   p. *Long Chilton (CPA)*                      $ 12,500.00

~~Total~~                                       ~~$2,600,000.00~~

3   *From Proceeds of Sale of 6 Remaining Lots:*
    *(Est. Value @ $30,000/ea.)*
    q. *Trade Creditors*                        $ 37,500.00
    r. *Potential Post-Op. Exp.*                $ 97,000.00
    s. *Carlos Cuellar*                         $ 60,000.00



①/5

2. The parties further agree that their agreement is a "universal settlement" which shall end all disputes between the parties and all litigation between the parties with prejudice.

3. This agreement shall not be binding upon the parties until approved by the bankruptcy court in this cause.

4. All parties shall be paid in full within ~~thirty~~ TEN days of the court approving the ~~settlement~~ PLAN OF ~~agreement.~~ CONFIRMATION, AS THE TRES DESEDS NOTE FOR $1.3 MILLION BECOMES PAYABLE IN FULL W/IN 10 DAYS OF ENTRY OF CONFIRMATION ORDER, REGARDLESS OF ANY APPEAL.

5. Banco Nacional De Mexico agrees to release Hector de Zamacona, Roberto Lozano Lozano and their respective spouses from the personal guarantees and all other liabilities for payment upon the receipt of $750,000.00, total from both the estate and conveyance of proceeds from Lozano's lien.

6. Each signator hereto represents and warrants his or her authority to execute this instrument in the individual and/or representative capacity stated.

7. Miscellaneous Provisions.

THAT THE ESTATE SHALL

A. ROBERTO Lozano AGREES TO Convey $400,000 of the DESIGNATED $465,000 ~~RECEIVED~~ TO BE RECEIVED BY LOZANO DIRECTLY TO BANAMEX. UPON BANAMEX'S RECEIPT OF $400,000 from the ESTATE FOR MR. LOZANO'S LIEN AND $350,000 FROM THE ESTATE FOR BANAMEX'S UNSECURED CLAIM, BANAMEX WILL EXECUTE A RELEASE OF THE CONTINUING GUARANTEES TO MR. ZAMACONA, MR. LOZANO & THEIR RESPECTIVE SPOUSES.

B. MR. ROBERTO LOZANO & HIS SPOUSE AGREE TO CONVEY BY SPECIAL WARRANTY DEED THE (2) TWO PROPERTIES MR. LOZANO PERSONALLY OWNS IN "TREASURE HILLS ESTATE" TO MR. LARRY WALSH, TRUSTEE IN RETURN FOR A FULL RELEASE FROM ANY AND ALL CLAIMS AGAINST MR. LOZANO, MR. ZAMACONA & THEIR SPOUSES.

C. TREASURE HILLS, THE DEBTOR, AGREES TO CONVEY BY ~~OR~~ ORDER OF THE COURT TWO (2) OF THE REMAINING EIGHT (8) PROPERTIES/LOT HELD BY THE DEBTOR IN "TREASURE HILLS ESTATE" TO MR. LARRY WALSH, TRUSTEE IN RETURN FOR A FULL RELEASE FROM ANY AND ALL CLAIMS AGAINST THE ESTATE. MR. WALSH, TRUSTEE RECOGNIZES THAT THERE MAY BE CLAIMS AGAINST THE LOTS AND ACCEPTS FULL RESPONSIBILITY FOR RESOLVING THOSE CLAIMS.

OF MR. WALSH'S CHOICE,

2/5

CMPDF - www.fento.com

*ANY DISCREPANCIES IN VALUE FOR NOT-PRESENT CLAIMAN OR CREDITORS.*

D. TREASURE HILLS, the DEBTOR, SHALL SELL THE REMAINING SIX (6) OF THE EIGHT (8) PROPERTIES HELD BY THE DEBTOR AND FROM THE PROCEEDS OF THIS SALE SHALL PAY $37,500 TO TRADE CREDITORS ON A PRO RATA BASIS, $60,000 TO CARLOS CHURUR, AND THE REMAINING PROCEEDS SHALL BE USED TO PAY THE EXPENSES OF THIS SALE, FURTHER ESTATE EXPENSES, AND HELD IN RESERVE FOR PAYMENT OF ~~ALL POST CONF~~ PETITION TRADE CREDITORS WHO SUBMITTED ~~CLAIMS FOR~~ ADMINISTRATIVE CLAIMS FOR APPROVAL W/IN THIRTY (30) DAYS OF NOTICE.

E. THIS PLAN INCLUDES THE EXECUTION OF MUTUAL RELEASES BY AND AGAINST ALL PARTIES, FROM ANY FURTHER LITIGATION (& CREDITORS) court BY ALL PARTIES TO THIS AGREEMENT. The shall issue, as part of the confirmed plan, an order(s) selling the 6 lots set forth in ~~the~~ paragraph (D) free and clear of all liens and claims.

F. THIS AMOUNTS TO BE PAID IN SETTLEMENT SHALL BE BROKEN OUT AS $200,000 TO WALSH AS AN ADMINISTRATIVE CLAIM, $50,000 TO JOHN HARRIS AS AN ADMINISTRATIVE CLAIM, THE BALANCE OF $720,000 PLUS THE TWO LOTS FROM THE ESTATE AND TWO LOTS FROM Mr. LOZANO SHALL BE CONVEYED TO LARRY WALSH, TRUSTEE. THIS BREAKDOWN AND ALLOCATION OF ADMINISTRATIVE CLAIM SHALL BE THE SOLE RESPONSIBILITY OF Mr. WALSH AND Mr. HARRIS, AND NOT THAT OF THE CREDITORS TO THE ESTATE.

APPROVED THIS 20TH DAY OF OCTOBER, 1999.

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____

③/5

G. Any amounts paid at closing are subject to disgorgement if the plan is not confirmed as contemplated by this agreement. At the closing of the property, all items listed in Exhibit A shall be paid

H. The approval of this instrument by the IRS representative is subject to approval by appropriate IRS authorities. ANY RELEASE BY THE IRS SHALL RELATE OR PERTAIN ONLY TO CLAIMS THAT THE ILS POSSESSES BY, THROUGH, OR UNDER TREASURE HILLS, THE DEBTOR.

F.

**APPROVED THIS 20TH DAY OF OCTOBER, 1999.**

_Lawrence A. Wilson_
Individually and as trustee.

_Demetrio Duarte_
as agent for Hector de Zamacona & Roberto Lozano

_ATTORNEY FOR TREASURE HILLS, N.V._

_KURT STEPHEN, ATTORNEY FOR CLAUDIO RANGEL_

_Eduardo V Rodriguez_
Atty for F. Meza Garza &
a by Chien Aspeitia in

_Jennifer Graff_
JENNIFER GRAFF, subject to approval

_CHARLES S. KELLEY; subject to final ratification and approval of Banco Nacional de Mexico._

_Heriberto Madrano by Demetrio Duarte Jr._
For Gaston Derbez

_Atty. For Tres Derecos, Inc._

(4)/5

Exhibit A

List of agreed expenses to be paid at closing:

A. Internal Revenue Service $311,000.00

B. Texas Workforce $ 9,500.00

C. Comptroller of Public Accounts $ 25,218.00

D. Ad Valorem Taxes $ 65,000.00

E. Abelardo Limon $ 85,000.00

F. Brendan Hall $ 65,000.00

G. Demetrio Duarte (from Lozano Lien) $ 65,000.00

H. Banco Nacional de Mexico (from Lozano Lien) $400,000.00

I. John W. Harris, Esquire $ 50,000.00

J. Lawrence A. Walsh $ 200,000.00

Subtotal: 1,275,218.00

| OFFICES OF JOHN VENTURA, P | *ED PHILLIPS, JR. | *KURT STEPHENS, ATTORNEY |
|---|---|---|
| ORTH PARK PLAZA | One Forum, Suite 1000 | 100 S. BICENTENNIAL |
| WNSVILLE, TEXAS 78521 | 8000 I.H. 10 West | McALLEN, TEXAS 78541 |
|  | San Antonio, Texas 78230 |  |

| ASURE HILLS INVESTMENTS N.V | *EDWARD C. SNYDER, ATTORNEY | *LORI GRUVER |
|---|---|---|
| 09 N. Augusta National Drive | Acct. FERNANDO DE LA GARZA | 1949 SOUTH IH 35 (78741) |
| rlingen, Texas 78550 | MARTIN, DROUGHT & TORRES | P.O. BOX 17428 |
|  | 200 S. 10TH STREET, SUITE 1111 | AUSTIN, TX 78760-7777 |
|  | McALLEN, TEXAS 78501 |  |

| LEN C. LEE | *FLORA A. FEARON | *LOUISE HYTKEN, DEPT OF JUSTIC |
|---|---|---|
| 16 MAIN ST. | ASSISTANT ATTORNEY GENENRAL | TAX DIVISION, MAXUS ENERGY TOW |
| O. DRAWER GG | P.O. BOX 12548 | 717 N. HARWOOD, SUITE 400 |
| LESIDE, TX 78362 | AUSTIN, TX 78711-2548 | DALLAS, TEXAS 78522 |

| NDREW K. ROZELL | *FLORA FEARON, ASST ATTY GEN | *LOUISE HYTKEN, DEPT. OF JUST. |
|---|---|---|
| 3 EAST JACKSON | OFFICE OF TX ATTORNEY GENERAL | TAX DIV. MAXUS ENERGY TOWER |
| RLINGEN, TX 78550 | P.O. BOX 12548 | 717 N. HARWOOD, SUITE 400 |
|  | AUSTIN, TX 78711-2548 | DALLAS, TX 75201 |

| TTORNEY GENERAL OF USA | *HENRY L. HARDWICK | *MARY LOU RYAN RAY |
|---|---|---|
| TH & CONSTITUTION AVE. NW | PORTER,ROGERS,DAHLMAN & GORDON | RANSOME AND RAY, P.C. |
| SHINGTON, DC 20220 | 800 N. SHORELINE, SUITE 800 | 550 E. Levee Street |
|  | CORPUS CHRISTI, TX 78401 | Brownsville, TX 78520-5343 |

| RENDON HALL | *INTERNAL REVENUE SERVICE | *MICHAEL G. COLVARD |
|---|---|---|
| 21 E. POLK STREET | CHIEF, SPECIAL PROCEDURES | 2500 NATIONAL BANK PLAZA |
| O. BOX 2725 | P.O. BOX 250, STOP 501-A | 300 CONVENT STREET |
| RLINGEN, TX 78550 | AUSTIN, TX 78767 | SAN ANTONIO, TX 78205 |

| HARLES S. KELLEY | *J. ROLANDO OLVERA, JR. | *MR. MIKE NIEBRUGGE |
|---|---|---|
| AYER, BROWN & PLATT | FLEMING & OLVERA, P.C. | MAYER, BROWN & PLATT |
| 00 LOUISIANA STREET, STE 3600 | 1650 PAREDES LINE RD., STE.102 | 700 LOUISIANA STR., STE. 3600 |
| OUSTON, TX 77002-2730 | BROWNSVILLE, TX 78521 | HOUSTON, TEXAS 77002 |

| DALE WEYAND | *JOHN W. HARRIS ESQ. | *NANCY MASSO |
|---|---|---|
| URNS, O'GORMAN, BLACK ET AL | Gresham, Davis, et al | ASSISTANT U.S. ATTORNEY |
| 50 RITTMAN ROAD | 112 E. Pecan Street, Suite 900 | P.O. BOX 1671 |
| AN ANTONIO, TX 78209 | San Antonio, Texas 78205 | BROWNSVILLE, TX 78522 |

| DEMETRIO DUARTE, JR. | *KENRIC D. KATINER, ESQ. | *NANCY MASSO, ASST. U.S. ATTY |
|---|---|---|
| EMETRIO DUARTE, JR., & ASSOC | 4700 THE TEXACO HERITAGE BLDG. | P.O. BOX 1671 |
| 200 WARNER STREET | 1111 BAGBY | BROWNSVILLE, TEXAS 78521 |
| AN ANTONIO, TEXAS 78201 | HOUSTON, TX 77002 |  |

AUL LEE WILEY
E. TYLER
O. DRAWER 2764
RLINGEN, TX  78551-2764

CAMERON CO. TAX C/O LORI GRUVE
P.O. BOX 17428/1949 S. IH 35
AUSTIN, TX  78760-7777

FERNANDO DE LA GARZA
C/O CAMILLE R. MCLEOD
4500 TRAMMELL CROW CENTER
DALLAS, TX  75201

RESTON HENRICHSON, ATTORNEY
WEST CANO
NBURG, TEXAS  78540-1229

CHEM-MARK OF TEXAS
P.O. Box 1358
Aransas Pass, TX  78336

FERNANDO MEDRANO
C/O 3402 OAKMONT DR.
HARLINGEN, TEXAS  78550

OBERT B. McLEAISH
EAST HIBISCUS
ALLEN, TEXAS  78501

CHRYSLER-CREDIT CORP
P.O. BOX 63002
DALLAS, TEXAS 75263-0002

FIRST VALLEY BANK
400 Hidalgo
Raymondville, Texas  78580

TEPHEN F. MCLAUGHLIN
UTE 1, BOX 104-A
HONDO ROAD @ BURNS ROAD
RLINGEN, TX  78552-9801

DAVID GEOFFREY & ASSOC.
P.O. BOX 601035
CHARLOTTE, NC  28260-1035

FOOT-JOY/TITLEIST
144 Field Street
Brockton, MA  02402

NITED STATES ATTORNEY
O. BOX 61129
USTON, TX  77208

DICK OFFICE SUPPLY
1807 NORTH 10TH STREET
MCALLEN, TEXAS 78501

FRANCISCO DE ANDA
C/O LOMAS DEL VALLE
COL. LOMAS DEL VALLE
GARZA-GARCIA, NL MEXICO

DRES CANTICANI FLORENCIAK
7 COL SAN PATRICIO
N PEDRO GARZA GARCIA
L.MEXICO  66270

DRA. GUADALUPE TIJERINA
C/O LOMAS DEL VALLE
COL. LOMAS DEL VALLE
GARZA-GARCIA, NL MEXICO

GERARDO ALMAGUER
ADDRESS UNKNOWN

D.HOLT
O. BOX 1979
RPUS CHRISTI, TX  78403

DUCKSTER
P.O. Box 190
GRINNELL, IA  50112-0190

GUILERMO SILLER
UNKNOWN ADDRESS

ANAMEX
L. DEL VALLE OTE #409
SO #3
ARZA-GARCIA, NL, MEX  CP66220

FELCO
2635 S. 77 SUNSHINE STRIP
HARLINGEN, TX  78550

HARLINGEN I.S.D. TAX OFFICE
P.O. BOX 2643
HARLINGEN, TX 78551

ANAMEX c/o Oscar R Bergara
alzada Del Valle 350 Ote.
ol. Del Valle
arza Garcia, N.L. MEX 66220

FELIX CANTU A.
PRIBADA FUNDIDORES #1331
COLONIA GARZA CANTU SAN
NICOLAS DE LOS GARZA NL 66480

HECTOR ZAMACONA
LOMAS DEL VALLE
COL. LOMAS DEL VALLE
GARZA-GARCIA, NL MEXICO

Case 1:00-cv-00068   Document 9   Filed in TXSD on 09/05/2000   Page 67 of 68

IMPERIAL HEADWEAR
DEPT. 233
DENVER, COLORADO  80291

JOSE GUAJARDO
ARISTA 3797 NTE
MONTERREY, N.L. MEXICO

ROBERTO L. LOZANO
3402 OAKMON DR.
HARLINGEN, TX  78550

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
300 E. 8TH STR., STOP 5022 AUS
JUSTIN, TEXAS  78701

JOSE MAIZ IG. CARVAJAL Y DE
LA CUEVA
#425 NORTE
MONTERREY, N.L. MEXICO

ROBERTO LOZANO
3402 OAKMONT DR.
HARLINGEN, TX  78550

INTERNATIONAL BANK OF COMMERCE
P.O. BOX 1831
BROWNSVILLE, TEXAS 78521

LA MODE
P.O. BOX 92904
LOS ANGELES, CA  90009

ROLANDO DERBEZ
OAXACA 3365
COLONIA JARDIN
NUEVO LAREDO, TAMPS MEX  88260

IZOD
AD ADDRESS

LAWRENCE A. WALSH, Attorney
WALSH & ASSOCIATES
950 E. Van Buren Street
Brownsville, Texas  78520-7199

ROMULO ELIZONDO
MANOLO MARTINEZ
323 COL DEL PRADO
MONTERREY, N.L. MEX  64410

JAIME SALDIVAR
710 Pinehurst
Harlingen, Texas  78550

LONG, CHILTON
402 E. TYLER
HARLINGEN, TEXAS 78550

ROYSTON, RAYZOR, ET AL
55 COVE CIRCLE
BROWNSVILLE, TEXAS  78523-3509

JAIME WOLDENBERG
AVE. LOS ANGELES
1700 OTE COL. GARZA CANTU
SAN NICOLAS, N.L. MEX  66480

MARTIN JUAREZ
C/O 3402 OAKMONT DR.
HARLINGEN, TEXAS  78550

SAN BENITO ISD
152 E. ROWSON ST
SAN BENITO, TEXAS 78586

JOE O. SHIRLEY
301 KERRY LANE
MCALLEN, TEXAS  78501

MORADOS PEST CONTROL
P.O. BOX 1805
SAN BENITO, TX  78586

SCOGGINS, MCELVEY, MALONE
720 E HARRISON
Harlingen, Texas  78550

JOHN DEERE CREDIT
P.O. Box 5307
Madison, Wisconsin  53791-9044

PORTOCO
1403W. FERGUSON
PHARR, TX  78577

SLAZENGER GOLF
C/O NATIONAL COLLECTIONS, INC.
P.O. BOX 551324
DALLAS, TX  75355-1324

JOSE ANDRES CANTIZANI
FLORENCIA 117
COL SAN PATRICIO; SAN PEDRO
GARZA GARCIA NL MEX 66270

RGC GROUP

SOUTH POINT CAR CARE
913 N. ED CAREY DRIVE
HARLINGEN, TEXAS  78550

CNPDF www.fexto.com

Case 1:00-cv-00068   Document 9   Filed in TXSD on 09/05/2000   Page 68 of 68

STATE COMPTROLLER
1164 FM 802
BROWNSVILLE, TX  78520


TEXAS WORKFORCE COMMISSION
COLLECTION DIV, BANKRUPTCY SEC
P.O. BOX 12548
AUSTIN, TX  78711


TRES DESEOS, INC.
5901 N. 10TH STREET
McALLEN, TX  78504


UNIFIRST LINEN
P.O. BOX 600
WILMINGTON, MA  01887


UNIFIRST UNIFORMS
P.O. BOX 600
WILMINGTON, MA. 01887


VICKI TOLIFSON
C/O PRESTON HENRICHSON
222 W. CANO ST.
EDINBURG, TEXAS  78539


WATSON DISTRIBUTING
P.O. BOX 36211
HOUSTON, TX  77236-6211