3212/28629 RJR/mcj 1/8/1
second supp proof

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERTO L. LOZANO | § | |
| | § | |
| V. | § | |
| | § | |
| WAYNE BENEKE, INDIVIDUALLY AND | § | CIVIL ACTION NO. |
| AS A PARTNER OF LONG, CHILTON, | § | B-00-068 |
| PAYTE AND HARDIN, L.L.P.; AND | § | |
| LONG, CHILTON, PAYTE AND | § | |
| HARDIN, L.L.P. | § | |

**DEFENDANTS' SECOND SUPPLEMENTAL FILING OF PROOF
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

TO THEHONORABLE JUDGE OF SAID COURT:

NOW COME **Wayne Beneke, Individually, and as a Partner of Long, Chilton, Payte & Hardin, L.L.P., and Long, Chilton, Payte & Hardin, L.L.P.**, Defendants in the above styled and numbered cause, and make and file this their Second Supplemental Filing of Proof In Support of Their Motion for Summary Judgment and in support thereof would should unto the Court as follows:

I.

On or about August 23, 2000 Defendants filed their Motion for Summary Judgment. On or about September 5, 2000 Defendants filed their Supplemental Filing of Proof which consisted of certified copies of certain exhibits, particularly the "Debtor's Liquidating Plan" and "Order Confirming Debtor's Liquidating Plan."

II.

Attached hereto and marked as "Exhibit C" in support of Defendants' Motion for Summary Judgment is a certified copy of an Order on Motion to Enforce Order Confirming Debtor's

Liquidating Plan signed by Richard S. Schmidt, Chief United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division.

## III.

As set forth in their Motion for Summary Judgment, Exhibits A and B, previously filed with this Court, and now Exhibit C, clearly establish that Plaintiff's entire cause of action is barred by the doctrine of release and/or *res judicata* and/or collateral estoppel. Consequently, Defendants are entitled to judgment in this matter as a matter of law.

WHEREFORE, PREMISES CONSIDERED Defendants pray that upon a final hearing hereof the Court grant their Motion for Summary Judgment, the Plaintiff recover nothing and from these Defendants by way of their suit, the Defendants receive all costs of court and such other and further relief both at law or in equity to which these Defendants may show themselves to be judgment entitled.

Respectfully submitted,

THORNTON, SUMMERS, BIECHLIN,
    DUNHAM & BROWN, L.C.
Airport Center - Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186
Telephone: (210) 342-5555
Facsimile: (210) 525-0666

BY _____
    Richard J. Reynolds, III
    State Bar No. 16803800
    Attorneys for Defendants
    **WAYNE BENEKE, INDIVIDUALLY, AND AS A PARTNER OF LONG, CHILTON, PAYTE & HARDIN, L.L.P., AND LONG, CHILTON, PAYTE & HARDIN, L.L.P.**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the Texas Rules of Civil Procedure, on the 11th day of Jan., 2001, to the following counsel of record:

Mr. Heriberto "Eddie" Medrano
HERIBERTO "EDDIE" MEDRANO LAW OFFICES
1101 West Tyler
Harlingen, Texas 78550

_____
Richard J. Reynolds, III

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED
DEC 2 2 2000
Michael N. Milby, Clerk of Court

| | |
|---|---|
| In re: § § | |
| TREASURE HILLS INVESTMENTS NV § | Case No. 96-24360-B-11 |
| § | |
| Debtor § § | |

### ORDER ON MOTION TO ENFORCE ORDER CONFIRMING DEBTOR'S LIQUIDATING PLAN

On this day it came on for consideration the Motion to Enforce Order Confirming Debtor's Liquidating Plan, filed by Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte, and Hardin, L.L.P., and the Counter Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Robert Lozano. The Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds as follows:

On December 6, 1999, this Court entered its Order Confirming Debtor's Liquidating Plan of Reorganization and approving Certain Modifications Thereto (the "Confirmation Order"). An Agreement Incident to Distribution of Sale Proceeds (the "Agreement") was made part of the Confirmation Order  The Agreement states that it is a "'universal settlement' which shall end all disputes between the parties and all litigation between the parties with prejudice." Provision is made in the Agreement for payment of the claim of Long, Chilton, Payte, and Hardin, L.L.P., in which Long, Chilton, Payte, and Hardin, L.L.P. agreed to a reduction of their unsecured claim as consideration for the settlement agreement. The Agreement was signed by attorneys for both Robert Lozano and Long, Chilton, Payte, and Hardin, L.L.P. The Agreement further provided that "[t]his plan includes the execution of mutual releases by and against all parties and creditors

TRUE COPY I CERTIFY
ATTEST: 01-08-2001
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

461

from any future litigation by all parties to this agreement."

Robert Lozano did not appeal the Confirmation Order and it is now a final order and the law of this case. On May 17, 2000, Robert Lozano filed a lawsuit in the United States District Court alleging malpractice against Long, Chilton, Payte, and Hardin, L.L.P. and against Wayne Beneke, individually and as partner of Long, Chilton, Payte, and Hardin, L.L.P. The issue before the Court is whether the Confirmation Order and the settlement agreement made a part thereof include the causes of action alleged by Robert Lozano in United States District Court, thereby barring re-litigation under the principal of *res judicata*.

The Court finds that the Agreement is sufficiently broad to cover the causes of action alleged by Robert Lozano in his case pending in United States District Court. The Agreement is not ambiguous. Long, Chilton, Payte and Hardin, L.L.P., gave valuable consideration in exchange for their release, by reducing the amount of their unsecured claim. Wayne Beneke, as a partner of Long, Chilton, Payte, and Hardin, L.L.P., is in privity with the firm and therefore the Agreement applies to him as well. *See, Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869-70 (5th Cir. 1984). No reservation of any causes of action in favor of Robert Lozano are contained in either the Liquidation Plan of Reorganization, the Confirmation Order, or the Agreement. The oral statements cited by counsel for Robert Lozano, do not specifically identify Wayne Beneke or Long, Chilton, Payte, and Hardin, L.L.P., as parties against whom Robert Lozano attempted to preserve his right to sue.

The Confirmation Order meets the test for claim preclusion set out in *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994), cert. den. 513 U.S. 1155 (1995), which requires that:

 1. The parties in the instant action must be the same as or in privity with the parties in the prior action in question;
 2. The court that rendered the prior judgment must have been a court of competent jurisdiction;
 3. The prior action must have terminated with a final judgment on the merits; and
 4. The same claim or cause of action must be involved in both suits.

- - 24 F.3d at 746; *see also, In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000); *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999); *U.S. v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994).

 For the reasons stated above, the Court finds that the Confirmation Order included a release of Robert Lozano's claims against Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke, individually and as partner of Long, Chilton, Payte and Hardin, L.L.P. However, because Robert Lozano's case is pending before the United States District Court, this Court does not have jurisdiction to order dismissal of the case. Only the District Court can dismiss its own case.

 It is therefore ORDERED that the Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Long, Chilton, Payte and Hardin, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P., is granted to the extent that the Court finds that its prior Confirmation Order released the claims of Robert Lozano against Long, Chilton, Payte, and Harding, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P.

 At Corpus Christi, Texas this 13th day of December, 2000.

RICHARD S. SCHMIDT
Chief United States Bankruptcy Judge

```
Case: 96-24360     Form id: 122    Ntc Date: 12/22/2000    Off: 1    Page : 1
Total notices mailed: 7

Debtor    Treasure Hills Investments NV,   3009 North Augusta National Drive,   Harlingen, TX 78550
Aty       Hall, Brendan J, Jr   Attorney at Law,   P O Box 2725,   Harlingen, TX 78551
Aty       Rozell, Andrew K   Attorney at Law,   323 E Jackson,   Harlingen, TX 78550
Aty       Ventura, John   Attorney at Law,   62 E Price Rd,   Brownsville, TX 78521
Aty       Duarte, Demetrio , Jr   Attorney at Law,   2200 Warner,   San Antonio, TX 78201
U.S. Trus United States Trustee,   515 Rusk,   Ste 3516,   Houston, TX 77002
Aty       Kurtz, Barbara C   Office of U S Trustee,   606 N Carancahua,   Ste 1107,   Corpus Christi, TX 78476
```

*Richard Reynolds* (signature)

ClibPDF - www.fastio.com