/7/

United States District Court
Southern District of Texas
FILED

FEB 0 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERTO L. LOZANO | * |
| | * |
| VS. | * CAUSE NO. B-00-068 |
| | * |
| WAYNE BENEKE, Individually and | * |
| As A Partner of Long, Chilton, Payte | * |
| And Hardin, L.L.P.; and LONG, | * |
| CHILTON PAYTE AND HARDIN, L.L.P. | * |

### PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Roberto L. Lozano, Plaintiff herein, by and through his Attorney of Record, Heriberto 'Eddie' Medrano, and hereby replies to the Motion for Summary Judgment filed by Defendant and for good cause would show:

A.  Plaintiff adopts the allegations made in his Motion for New Trial and to Alter and Amend Judgment which is attached as **Exhibit "A",** and is incorporated by reference as if copied verbatim herein.

B.  Defendant claims that an "agreement incident to Distributing Sales Proceeds" terminated all litigation. Defendant over reads the agreement. At issue there was how Treasure Hills sales proceeds were to be distributed. The document did not concern itself with other issues, such as Lozano's claim against Defendant for accounting malpractice, indeed same was reserved on the record. Defendant erroneously claims that Plaintiff cannot resort to the contemporaneous pronouncements made in open court on the record to which Defendant registered no complaint or objection.

In *Marbury v. Pattillo Construction Co., v. Bayside Warehouse Co.,* 490 F. 2d 155 (5th Cir. 1974) the Court stated that "a wooden, purely mechanical, application of the parole evidence rule to this factual situation could convert the rule into a shield for fraud, an intolerable result."

Williston on Contracts states that "Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish....(d) illegality, fraud, duress, <u>mistake</u>, <u>lack of consideration</u>, or <u>other invalidating clause</u>;....")(emphasis added)

4 Williston, Contracts, section 631 (3rd ed. 1961) Cited With Approval in <u>Laird v. Integrated Resources, Inc.</u>, 987 F. 2d 826 (5th Cir. 1990).

Thus, the evidence offered here is admissible to show mistake as to the scope of the agreement, lack of consideration, and to avoid inequitable results.

    C.    Nowhere has Defendant stated what consideration he paid or even offered to be granted a release from all claims that could be asserted. It is a matter of law that releases are contracts which must be supported by consideration. The "agreement" here lacks consideration, and therefore is invalid.

    D.    Issue preclusion does not apply because the issue of accounting malpractice was never litigated fully or otherwise. *Hughes v. Santa Fe Intern. Copr.*, 847 F. 2d 239, 240-42 (5th Cir. 1988).

    E.    Claim preclusion does not apply because Plaintiff's accounting malpractice claims were never litigated, nor were they subject to a final judgment

on the merits by a court of competent jurisdiction. <u>Southmark Properties v. Charles House Corp.</u>, 742 F. 2d 862, 869 (5th Cir. 1984).

 F. The parties were on the same side during the bankruptcy hearing; they were not adverse. That is, Beneke testified at the bankruptcy hearing that his actions were improper and contrary to his clients' instruction and interests.

 G. As cases have made clear, when interpreting the scope of the release, courts allow look to the circumstances surrounding the execution of the release. In <u>FDIC v. Brants,</u> 2 F. 3d 147 (5th Cir. 1993) the Defendant there, as here, contended that a settlement agreement and mutual release which provided,

> "the FDIC-Corporate, the FDIC-Receiver, and Continental Bank, on behalf of themselves and their former, present and future joint ventures, partnerships, parent, subsidiary and affiliate corporations, partners, principals, agents, predecessors, successors, assigns, heirs, executors, administrators and representative, hereby fully and forever waive, relinquish, release and discharge Edlund, Hahne, Littman and McPherson and their former, present and future joint ventures, partnerships, parent, subsidiary and affiliate corporations, partners, principals, agents, predecessors, successors, assigns, heirs, executors, administrators and representatives <u>of and from, which limitation, any and all claims, demands, controversies, actions, causes of action, debts, liabilities,</u> rights, contracts, damages, interest obligations, costs (including attorneys' fees and court and litigation costs and expenses), expenses, indemnities, obligations and losses of <u>every kind or nature whatsoever, whether at this time known or unknown, anticipated</u> or unanticipated, direct or indirect, fixed or contingent, that <u>may presently exist</u> or may <u>hereafter arise or become known</u>, for or by reason of <u>any act, omission</u>, events, transaction, matter or cause <u>whatsoever from the beginning of time t the date of this Agreement,</u> directly or indirectly <u>related to,</u> arising from, or which could be inferred <u>or implied by or included</u> in connection with the <u>Action and/or the Appeal</u>, and the facts upon <u>which</u> the Action and the Appeal were brought and based, and any and all acts or omissions of Edlund, Hahne, Littman and McPherson <u>whatsoever</u> occurring or arising or in any way related to the <u>Action, the Appeal</u>, <u>Calpetco III –1980, or any loan agreement or other document related thereto</u> precluded Plaintiff's claims. Emphasis added. The Court rejected the defense there as it should here, holding that the paramount rule governing interpretation of the K was the intent of the parties, and that the Court could examine the circumstances surrounding the documents execution to determine what the parties meant by the words used.

Respectfully submitted,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone:   (956) 428-2412
Facsimile:    (956) 428-2495


*Heriberto Medrano* w/ permission cp
HERIBERTO 'EDDIE' MEDRANO
STATE BAR NO. 13897800


## CERTIFICATE OF SERVICE

I, Heriberto 'Eddie' Medrano hereby certify that a true and correct copy of the above and foregoing *Plaintiff's Reply to Defendant's Motion for Summary Judgment* was on this 6th day of February, 2001 forwarded via facsimile to the following:

Richard J. Reynolds, III            **FAX # (210) 525-0666**
THORNTON, SUMMERS, BIECHLIN,
   DUNHAM & BROWN, L.C.
Airport Center – Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186


*Heriberto Medrano* w/ permission cp
HERIBERTO 'EDDIE' MEDRANO

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 96-24360-B-11 |
| | § | |
| TREASURE HILLS INVESTMENTS, N.V., | § | |
|     DEBTOR | § | CHAPTER 11 |

## MOTION FOR NEW TRIAL AND TO ALTER AND AMEND JUDGMENT

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY(20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY(20) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Comes Now Roberto Lozano Lozano, Movant herein, and pursuant to Rule 59 of the Federal Rules of Civil Procedure and Rule 9002 of



EXHIBIT A

the Rules of Bankruptcy Procedure and files this his motion for new trial and to alter and amend judgment. In connection with the requested relief, Movant would respectfully show the Court as follows:

1. On or about December 22, 2000, the Court's ORDER ON MOTION TO ENFORCE ORDER CONFIRMING DEBTOR'S LIQUIDATING PLAN was entered in the papers of the Court. A copy of the previously described order is attached as Exhibit A and incorporated for all purposes by reference. Said order was rendered after Long, Chilton, Payte, and Hardin, L.L.P., Wayne Beneke and Movant sought to clarify the confirmation order in this cause.

2. The order issued by the Court concerns the dispute between Long, Chilton, Payte, and Hardin, L.L.P., Wayne Beneke and Movant concerning the legal effect of the confirmation order and an agreement incident to distribution of sale proceeds which was made part of the confirmation order in this cause.

3. Upon reading the order of the Court, Movant's counsel noted issues addressed by the Court were factually inconsistent with the record in this cause and the inconsistencies warrant a new trial being granted and, alternatively, the altering and amendment of the order attached as Exhibit A. Movant would represent to the Court that in light of the record:

    a. The order of the Court does not reflect the understandings of the parties as defined and accepted by the Court;

    b. Long, Chilton, Payte and Hardin, L.L.P. and Wayne Beneke paid no consideration for its release of Movant's claim which is in excess of $1,000,000.00 for actual damages;

    c. There was no privity between the parties;

    d. Movant reserved his causes of action on the record;

    e. "Claim preclusion" does not apply in this situation; and

    f. The "law of the case" as cited by the Court in its order includes provision for the Court to clarify and enforce its confirmation order by defining the terms consistently with the agreements of the parties as written and amplified on the record and accepted in such fashion by the Court.

4. The proper application of the facts to the law in this matter warrants the Court reconsidering this matter after notice and hearing and granting a new trial or, alternatively, altering and amending its order to reflect that Movant's claims against Long, Chilton, Payte, and Hardin, L.L.P. and Wayne Beneke individually were reserved, were not settled or compromised, and Movant may proceed to trial in the U.S. District Court, Southern District of Texas, Brownsville Division to prosecute his claims against Long, Chilton, Payte, and Hardin, L.L.P. and Wayne Beneke.

WHEREFORE, PREMISES CONSIDERED, Movant prays this Honorable Court schedule this matter for hearing at the earliest possible date, and that after such hearing, the Court grant all relief requested by Movant and for such other and further relief to which Movant may be entitled at law or in equity.

Respectfully submitted,

DUARTE & PEDRAZA, P.C.
Attorneys at Law
2200 Warner
San Antonio, Texas 7801
Telephone No. (210) 737-6676
Telefax No. (210) 737-6679

By: *Demetrio Duarte*
DEMETRIO DUARTE, JR.
State Bar No. 06144125
ID No. 2632

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on the 28th day of December, 2000, by mailing the same by first class mail, postage prepaid:

Barbara C. Kurtz
Wilson Plaza, Suite 1107
606 N. Carancahua
Corpus Christi, Texas 78476

United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

William D. Thomason
Special Procedures Advisor
Internal Revenue Service
300 East 8th Street, STOP 5022AUS
Austin, Texas 78701

Attorney General of United States
5111 Main Justice Building
10th Street and Constitution Avenue, NW
Washington, DC 20530

Civil Process Clerk
United States Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208

Internal Revenue Service
Office of District Counsel
300 East 8th Street, STOP 5022AUS
Austin, Texas 78701

Internal Revenue Service
Special Procedures Division, STOP
5020 HOU 1919 Smith
Houston, Texas 77002

Heriberto Medrano
1101 W. Tyler
Harlingen, Texas  78550

Abelardo Limon
7 North Park Plaza
Brownsville, Texas  78521

Thornton, Summers, Biechlin, Dunham & Brown, L.C.
Attn: Richard J. Reynolds, III
Airport Center, Suite 300
10100 Reunion Place
San Antonio, Texas 78216-4186

_____
DEMETRIO DUARTE, JR.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED
DEC 22 2000
, Clerk of Court

| | |
|---|---|
| In re: § | |
| § | |
| TREASURE HILLS INVESTMENTS NV § | Case No. 96-24360-B-11 |
| § | |
| Debtor § | |
| § | |

## ORDER ON MOTION TO ENFORCE ORDER CONFIRMING DEBTOR'S LIQUIDATING PLAN

On this day it came on for consideration the Motion to Enforce Order Confirming Debtor's Liquidating Plan, filed by Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte, and Hardin, L.L.P., and the Counter Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Robert Lozano. The Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds as follows:

On December 6, 1999, this Court entered its Order Confirming Debtor's Liquidating Plan of Reorganization and approving Certain Modifications Thereto (the "Confirmation Order"). An Agreement Incident to Distribution of Sale Proceeds (the "Agreement") was made part of the Confirmation Order. The Agreement states that it is a "'universal settlement' which shall end all disputes between the parties and all litigation between the parties with prejudice." Provision is made in the Agreement for payment of the claim of Long, Chilton, Payte, and Hardin, L.L.P., in which Long, Chilton, Payte, and Hardin, L.L.P. agreed to a reduction of their unsecured claim as consideration for the settlement agreement. The Agreement was signed by attorneys for both Robert Lozano and Long, Chilton, Payte, and Hardin, L.L.P. The Agreement further provided that "[t]his plan includes the execution of mutual releases by and against all parties and creditors

EXHIBIT A

461

from any future litigation by all parties to this agreement."

Robert Lozano did not appeal the Confirmation Order and it is now a final order and the law of this case. On May 17, 2000, Robert Lozano filed a lawsuit in the United States District Court alleging malpractice against Long, Chilton, Payte, and Hardin, L.L.P. and against Wayne Beneke, individually and as partner of Long, Chilton, Payte, and Hardin, L.L.P. The issue before the Court is whether the Confirmation Order and the settlement agreement made a part thereof include the causes of action alleged by Robert Lozano in United States District Court, thereby barring re-litigation under the principal of *res judicata*.

The Court finds that the Agreement is sufficiently broad to cover the causes of action alleged by Robert Lozano in his case pending in United States District Court. The Agreement is not ambiguous. Long, Chilton, Payte and Hardin, L.L.P., gave valuable consideration in exchange for their release, by reducing the amount of their unsecured claim. Wayne Beneke, as a partner of Long, Chilton, Payte, and Hardin, L.L.P., is in privity with the firm and therefore the Agreement applies to him as well. *See*, *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869-70 (5th Cir. 1984). No reservation of any causes of action in favor of Robert Lozano are contained in either the Liquidation Plan of Reorganization, the Confirmation Order, or the Agreement. The oral statements cited by counsel for Robert Lozano, do not specifically identify Wayne Beneke or Long, Chilton, Payte, and Hardin, L.L.P , as parties against whom Robert Lozano attempted to preserve his right to sue.

The Confirmation Order meets the test for claim preclusion set out in *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994), cert. den. 513 U.S. 1155 (1995), which requires that:

1. The parties in the instant action must be the same as or in privity with the parties in the prior action in question;
2. The court that rendered the prior judgment must have been a court of competent jurisdiction;
3. The prior action must have terminated with a final judgment on the merits; and
4. The same claim or cause of action must be involved in both suits.

-- 24 F.3d at 746; *see also, In re Intelogic Trace, Inc.*, 200 F.3d 382 (5th Cir. 2000); *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999); *U.S. v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994).

For the reasons stated above, the Court finds that the Confirmation Order included a release of Robert Lozano's claims against Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Beneke, individually and as partner of Long, Chilton, Payte and Hardin, L.L.P. However, because Robert Lozano's case is pending before the United States District Court, this Court does not have jurisdiction to order dismissal of the case. Only the District Court can dismiss its own case.

It is therefore ORDERED that the Motion to Enforce Order Confirming Debtor's Liquidating Plan filed by Long, Chilton, Payte and Hardin, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P., is granted to the extent that the Court finds that its prior Confirmation Order released the claims of Robert Lozano against Long, Chilton, Payte, and Harding, L.L.P., and Wayne Beneke, individually and as a partner of Long, Chilton, Payte and Hardin, L.L.P.

At Corpus Christi, Texas this 13th day of December, 2000

RICHARD S. SCHMIDT
Chief United States Bankruptcy Judge