UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 17 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ROBERTO L. LOZANO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-068 |
| | § | |
| WAYNE BENEKE, ET AL., | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

### BACKGROUND AND ANALYSIS

Before the Court is Defendant's Motion for Summary Judgment (Docket No. 6). This cause of action has a history in the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division. The United States Bankruptcy Court in Brownsville disposed of the matter of *In Re: Treasure Hills Investment N.V.*, in which both of the parties to this lawsuit were creditors. After the bankruptcy proceeding had concluded, the Bankruptcy Court was called upon to construe a "universal" agreement reached in bankruptcy between the two parties in this lawsuit. Specifically, the issue was whether the "universal" agreement in *In Re: Treasure Hills Investment N.V.*, was to be construed as final not only between the party in bankruptcy and its creditors but also <u>amongst</u> the various creditors. In other words, Plaintiff Lozano seeks to litigate matters with the defendant that it claims are collateral to the bankruptcy agreement in *In Re: Treasure Hills Investment N.V.* Contrarily, the defendant claims that due to the Bankruptcy Court's prior decision, the current action is barred from proceeding due to the legal principles of release and/or *res judicata* and/or collateral estoppel, and hence they are entitled to summary

1

judgment.

On December 22, 2000, the Bankruptcy Court issued an order confirming the debtor's liquidation plan in *In Re: Treasure Hills Investment N.V.* In ruling against the plaintiff, the Court held:

> the Confirmation Order included a release of Robert Lozano's claims against Long, Chilton, Payte, and Hardin, L.L.P., and Wayne Benecke, individually and as partner of Long, Chilton, Payte, and Hardin, L.L.P.[1]

Subsequent to the bankruptcy court's order, Plaintiff Lozano filed a Motion for New Trial and to Alter and Amend Judgment. On at least two separate occasions it was stipulated by both parties that this Court would suspend ruling on the Motion for Summary Judgment until the Bankruptcy Court released a decision regarding the plaintiff's post-order motions. On May 25, 2001, the Bankruptcy Court signed an order denying plaintiff's motions. This court would place itself in an unfavorable position if it were to allow the plaintiff's current lawsuit to move forward. For the district court to now rule any differently would inevitably lead to a re-litigation of the issues and the possible rendition of antagonistic judicial rulings.

## RECOMMENDATION

After due consideration of the pleadings and supporting documents filed by both parties, and oral argument by both parties, the court finds as follows:

1. Plaintiff has failed to show a genuine issue of material fact as required by Federal Rule of Civil Procedure 56(c); and

2. Defendant is entitled to judgment as a matter of law.

---

[1] *See In Re Treasure Hills Investments, N.V.*, No. 96-24360-B-11 (Bankr. S.D. Tex., Dec. 22, 2000) (granting the defendant's motion to enforce an order confirming the debtor's liquidation plan).

2

For these reasons, Defendant's motion should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 17th day of September, 2001.

_____
Felix Recio
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERTO L. LOZANO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-68 |
| | § | |
| WAYNE BENEKE, ET AL., | § | |
| Defendant. | § | |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file and the pleadings filed therein, the Magistrate's Report and Recommendation is hereby ADOPTED, and Defendant's Motion for Summary Judgment is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Judge

4